## Levi Z. Leiter v. Frank T. Kinnare, Adm'r.

1. NEGLIGENCE—*A Question for the Jury.*—The question as to whether a deceased person was guilty of negligence in exposing himself to danger is for the determination of the jury.

2. FELLOW-SERVANTS—*Foreman of Carpenters.*—A foreman of a gang of carpenters, and the carpenters composing the gang, are not fellow-servants, as to orders by him to them.

3. INSTRUCTIONS—*Designation of Next of Kin.*—In actions under Ch. 70, R. S., entitled "Injuries," it is not error to designate, in an instruction, the persons for whose benefit the action is brought as the father and mother of the deceased.

4. SAME—*Right to, Limited.*—The rule as to the limit of the right to ask for instructions announced in Fisher v. Stevens, 16 Ill. 397, applied.

5. DAMAGES—*$5,000, When Excessive.*— In an action under Ch. 70, R. S., entitled "Injuries," the evidence showed that the deceased was thirty-three years of age, unmarried, and supported his parents, who were past seventy years of age; *it was held,* that a verdict for $5,000 was excessive.

Trespass on the Case.—Death from negligence. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

JOHN A. POST and BARNUM, HUMPHREY & BARNUM, attorneys for appellant.

JESSE COX, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant, in February, 1892, had nearly finished his immense mercantile warehouse on State, Van Buren and Congress streets.

The carpenter work was being done by men directly employed by him.

One Chandler was foreman of a gang of carpenters, fourteen in number, among whom were two brothers named Elms. The building had so many elevators in it that two of them were numbers eleven and twelve, and the shaft of twelve had, at the story of the building to which this suit relates, a window opening into an alley, the window being at what would be called the back of the shaft, as the door of the elevator cab would be on the opposite side.

Chandler ordered the brothers to trim or case the frame of that window, and, as some of the evidence is, at the same time telling them that the elevators would not run that day.

They went to the work, and almost at once the younger brother, of whom the appellee is administrator, was killed by the counter weight of the elevator eleven coming down upon him.

A detailed description of the manner of the accident is unnecessary, for it was a question for the jury whether the deceased was negligent in exposing himself to danger.

There can be no doubt that the proximate cause of the accident was the running of the elevator; if it had stood still no injury of the same kind could have happened.

On this state of facts this suit is brought for the loss to the father and mother of Elms by his death.

The court, at the request of the appellee, instructed the jury as follows:

"1. The jury are instructed that if they find from the evidence that John Alfred Elms was employed by the defendant to do carpenter work upon a certain building then in course of construction by the defendant, and that in doing said work said Elms, on or about the 14th day of February, A. D. 1892, necessarily passed or stood between the ways of an elevator shaft, in which ways a heavy weight ran up and down as a counter balance to the elevator in said

shaft; and if the jury further believe from the evidence that just before going between said ways said Elms was informed by the foreman of the defendant in charge of said work that said elevator would not run during said day; and if the jury further find from the evidence, that said elevator was negligently permitted by the defendant, through his agents or agent in control thereof, to run on said day, and that in consequence thereof, said weight descended upon said Elms while he was between said ways and caused his death; and if the jury find from the evidence that said Elms was at and before the time of said injury using due and reasonable care to avoid injury, and that said injury was not caused by any fellow-workman of the said Elms, who was consociated with said Elms in the performance of his (said Elms') work as a carpenter; and if the jury find from the evidence that the father and mother of said Elms have sustained pecuniary loss by reason of the death of said Elms, then the jury should find for the plaintiff, in such sum as they shall find from the evidence will compensate said father and mother of the said John Alfred Elms for the pecuniary loss they have sustained by reason of the death of said Elms."

The criticism upon that instruction by the appellant is as follows:

" 1st. It precludes the idea of the foreman or the elevator men being fellow-servants of the deceased.

2d. It makes the negligence of the foreman or the elevator men the negligence of the defendant.

3d. It specifically mentions the father and mother of deceased, and tells the jury that the father and mother of deceased have sustained pecuniary loss, thereby working on the sympathy of the jury, and making their verdict a matter of sympathy rather than a matter of right."

1st and 2d. As to orders by Chandler to the men in his gang, he was not a fellow-servant with them; and there is no more association shown between the deceased and the operators of the elevator than exists between the judges of this court and the elevator boys of the Ashland Block. Illinois Central R. R. v. Swisher, 61 Ill. App. 611; Eggman v. E. St. Louis Con. Ry., 65 Ill. App. 345.

3d. We do not understand, but that is not the fault of the counsel of the appellant. We read the instruction that "if the jury find from the evidence;" and what less harmful, or more innocent, allusion could there be to the persons whose pecuniary loss was the subject of inquiry, than to call them father and mother?

The appellant asked twenty-five instructions, of which twenty-two were given, and the rule in Fisher v. Stevens, 16 Ill. 397, applies.

The testimony is that deceased was thirty-three years old, unmarried, and supported his parents, old people considerably past the Psalmist's limit.

One of the grounds for which a new trial was moved was that a man named Crowe attended the trial for several days—seemed much interested in it, and conversed often and loudly in the hearing of jurors and counsel as to the probable result. It is now too late to act upon a mere suspicion that he exerted some influence upon the jury.

Notwithstanding what I have said in North Chicago Street R. R. v. Wrixon, 51 Ill. App. 307, and Bradley v. Sattler, 54 Ill. App. 504, as to the finality of the verdict of the jury upon the amount of damages to be awarded for injuries resulting in death, I recognize the repeated decisions of this court upon questions not reviewable by the Supreme Court as settling the law and binding upon me.

Considering the age of the father and mother and the uncertainty of the benefit which the continuance in life of their son would have been to them, it is the judgment of the court that the damages, $5,000, are excessive, and unless the appellee will, within ten days, remit from the judgment $2,000, we will reverse the judgment, and remand the cause. If such remittitur be made, we will affirm for the residue— in either event at the cost of the appellee.

Mr. Justice Waterman.

I think the instruction commented upon should not have been given.