## Chicago Terminal Transfer R. R. Co. v. John Kotoski, by His Next Friend,

1. RAILROADS—*When One is Not a Trespasser upon the Grounds of.*— One who is clearly upon the grounds of a railway company by invitation of the company can not be treated as a trespasser.

2. SAME—*When a Railroad Company is Guilty of Wanton Negligence.*—Where the conductor of a train suggests that parties take a certain direction going to and from a picnic ground which is over defendant's right of way, whereby they have to cross a trestle, and with that knowledge the train of which the conductor is in charge is backed upon the trestle and persons returning from the picnic are injured, *it is held*, the company was guilty of wanton negligence to so back its train.

3. NEGLIGENCE—*Conduct of One Delaying Escape from Danger to Aid Another.*—Whether the conduct of a person in delaying his own escape from danger in order to aid another is negligence, is a question for the jury to decide.

4. INSTRUCTIONS—*Whether One is a Trespasser, Question for the Jury.*—An instruction informing the jury that one is a trespasser upon

a railway company's right of way when injured is properly refused, it being a question of fact for the jury to determine.

**Trespass on the Case.**—Personal injury.    Appeal from the Circuit Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.    Heard in this October term, 1901.    Affirmed.    Opinion filed March 6, 1902.    Rehearing denied March 27, 1902.

This suit was brought by appellee, by his next friend, to recover damages sustained by appellee through alleged negligence of appellant.    Appellant is a common carrier of passengers, and on June 25, 1899, appellee went as a passenger upon one of appellant's trains to Blue Island, for the purpose of going to a picnic ground there.    The train was an excursion train, run for the purpose of carrying appellee and others to this picnic ground and back again. Appellee bought a ticket to the place of destination and return.    Upon reaching Blue Island appellee, with the other excursionists, left the train, and upon inquiring of the conductor of the train as to the best way to reach the picnic grounds, was told by the conductor, " Go right straight down the track; you can't miss it."    The conductor, in so directing, pointed down the railroad track, which crossed a narrow bridge or trestle about 200 feet long, about twenty-five feet high at its highest point above the ground, and about as wide as the width of a train of cars.    The conductor also said :    " The train leaves at five o'clock sharp, right here."    The train was then standing at the station, and the rear end of it was 150 feet north of the north end of the trestle.

Appellee and others of the party walked down the track over the trestle, as they were directed to do, and in about two hours returned by the same route.    Before appellee and those with him had got to the trestle on their return trip, a number of people passed north over the trestle.    As appellee and the others with him approached the trestle they saw the train standing where they had left it over two hours before, viz., 150 feet north of the north end of the trestle.    When they got about the middle of the bridge or trestle, the train started backing with the coaches in front, down upon them, without ringing bell or blowing whistle.

The speed of the train as it approached appellee and the others on the trestle is variously estimated by the witnesses at from six to eight miles per hour.

When the train began to back upon the trestle appellee and others were about half way across the trestle. Appellee turned and ran back toward the south end of the trestle to escape the approaching train. There was no room upon the trestle to stand in safety and let the train pass, except at one point, where there was room for one person, and that place was occupied by another before appellee reached it. Appellee would quite likely have escaped by reaching the south end of the trestle before the train caught him, had it not been that he stopped in his flight to assist a young girl whom he overtook. The girl was so frightened as to be partly helpless, and appellee undertook to aid her to reach the end of the trestle. The cross ties of the trestle upon which they were obliged to walk or run were about a foot and a half apart. The backing train finally caught appellee and the young girl and knocked them from the trestle to the ground below. In falling, appellee's head struck upon a cross-tie, producing fracture of the skull. As a result of the injury he is incurably ill and incapacitated for ordinary work. Dr. Kiernan, a specialist, testified: " I think his condition is chronic; that he will not recover. He will probably end as an incurable lunatic, and will grow progressively worse."

There is evidence that a uniformed man stood upon the rear platform of the rear car of the train while it was backing over the trestle. This man called out to warn the people upon the trestle as the train approached. The evidence discloses that the picnic grounds could have been reached by appellee by streets, without using the track, but it would seem that appellee was not aware of this fact.

Upon the trial, appellant's section foreman testified: "There are signs at both ends of the trestle. The signs say: 'This is a private bridge. Foot passengers are prohibited from crossing it.'" No other evidence was introduced by appellant upon the trial, except the testimony

of this witness, who described the location of the bridge or trestle, the streets in the neighborhood and the population of Blue Island, which he estimated at 10,000.

The jury found the issues for appellee and assessed his damages at $15,000. From judgment upon the verdict this appeal is prosecuted.

JESSE B. BARTON, attorney for appellant.

JOHN F. WATERS and JOHNSON & PEGLER, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only points urged by the learned counsel for appellant as reasons for a reversal are:

1st. That appellee not having been a passenger at the precise time of the injury, but a trespasser upon appellant's right of way, no recovery could be had except upon a showing of wanton negligence upon the part of appellant, and that the evidence fails therein.

2d. That the trial court erred in admitting incompetent evidence over appellant's objections.

3d. That the court erred in refusing to give certain instructions tendered by counsel for appellant.

No question is raised as to the extent of the recovery, if any recovery was warranted.

It is unnecessary to go into any discussion of the law defining trespassers upon the private grounds of railway companies, which are common carriers, except to say that the decisions are uniform to the effect that one who is clearly upon the grounds by invitation of the company can not be treated as a trespasser. We are of the opinion that the evidence is such as to warrant the jury in finding that appellee was proceeding over the trestle in question, as a way of returning to appellant's train, by invitation of appellant. The evidence is undisputed that the conductor of the train told appellee to go over the trestle to reach the picnic grounds, and that he would find the train where he left it for the return trip. The conductor in charge of this

excursion train was running the train for the sole purpose of conveying appellee and the others to and from these pleasure grounds. It was Sunday, and so far as the evidence discloses, the tracks there and across the trestle were not in any use except for the purpose of this excursion. It is contended by counsel for appellant that the conductor had no authority to thus invite the excursionists to go over the appellant's trestle to reach the picnic grounds, but he cites no authorities to sustain the contention. As applied to the peculiar facts of this case, we are not disposed to hold, in the absence of authority presented, that the appellee should be treated as a trespasser. But, if he were so held, yet the recovery would have to be sustained, for we are of opinion that the evidence warrants the further conclusion of the jury that the negligence of appellant was wanton.

Counsel urge that in order to hold appellant guilty of wanton negligence it must appear that its agents had knowledge of the danger of appellee incurred by the backing of the engine upon the trestle. We think that the evidence discloses that the conductor, if not another agent as well, did have such knowledge. If appellee and the others were trespassers when upon the trestle, the agent of appellant, its conductor, knew that they were thus trespassing, for he had suggested that they do so; and with that knowledge the jury might well find that it was wanton negligence to back the train of which he had charge upon the trestle. The decision in I. C. R. R. Co. v. O'Connor, 189 Ill. 559, is distinctly put upon the ground that "there was no evidence to the effect, nor is it claimed, that any of the employes of the defendant in charge of the train saw or had actual knowledge of the fact that the boy was on the track or right of way."

Here there is uncontradicted evidence that the conductor had actual knowledge that the appellee had been directed to go over the trestle to reach the picnic ground, and that the train would leave from the same point where he left it for its return trip at five o'clock P. M. It was about 4:30 P. M. when appellee left the picnic grounds to return to

the train, and it was near the time when the conductor had directed appellee to come back to the train that the train was backed over the trestle.

We do not wish to be understood as holding that if appellee was a trespasser when injured, any mere lack of ordinary care would impose liability upon appellant; but we are of opinion that the evidence in this case warrants the conclusion of more than lack of ordinary care, *i. e.*, wanton negligence on the part of appellant. Aside from this knowledge of the condition, there is evidence, slight, it is true, that an official of appellant stood upon the rear platform of the train while it was backed onto the trestle. It is shown, and not contradicted, that a man in uniform stood upon the rear platform with other persons, and that he was shouting to warn the persons upon the trestle. It was in the power of appellant to show whether this uniformed person was one of its train crew or not. In the absence of such showing the evidence, although slight, goes to show that some one of the train crew—conductor or brakeman—was thus an observer of the peril to which appellee and the others were exposed, and it does not appear that he made any effort to have the train stopped before the injury. In this connection we are invited to consider the record in another appeal, here pending, in the suit of Agnes Gruss against appellant. Agnes Gruss is the young girl whom appellee was seeking to assist over the trestle when he was injured. The fact that the evidence in that case discloses that the person in uniform upon the rear platform was a brakeman of appellant, if it does so show, can not be considered by us in passing upon the sufficiency of the evidence in this record. But without considering such evidence, we are of opinion that the evidence here is enough to warrant the jury in concluding that appellant's agent had knowledge of the peril of appellee and the others, incurred by the backing of the train upon the trestle.

It can not be contended that the conduct of appellee in delaying his own escape from the danger in order to aid the girl, is *per se* to be imputed as constituting negligence.

It was a question for the jury, and we regard their disposition of it as fully justified by the evidence. W. C. St. R. Co. v. Linderman, 187 Ill. 463; Eckert v. L. I. R. R. Co., 43 N. Y. 502; approved in Gibney v. State, 137 N. Y. 1; Penn. Co. v. Langendorf, 48 Oh. St. 316; M. Steel Co. v. Marney, 88 Md. 482; Condiff v. K. C. F. S. & G. R. R. Co. 45 Kan. 256; Linnehan v. Sampson, 126 Mass. 506.

It is contended that the court erred in admitting testimony of a witness as to the number of people who preceded appellee over the trestle. We see no error in the ruling admitting this testimony. The fact that twenty-five persons had gone over the trestle before appellee and his companions started, was competent at least as bearing upon the question of ordinary care on the part of appellant in the event the jury found that appellee was not a trespasser, if not as well in relation to the care exercised by appellee for his own safety.

All other objections to rulings on evidence are in relation to evidence bearing upon the extent of the injury. As no claim is made in the briefs that the award is excessive, such errors, if any, are without prejudice.

The instruction tendered by counsel for appellant, informing the jury that appellee was a trespasser upon appellant's right of way when injured, was properly refused. It was a question of fact for the jury to determine as to whether he was a trespasser.

The only other instruction refused as to which complaint is made, was fully covered by other instructions given, and therefore the refusal was proper. The court was not required to repeat substantially the same instruction.

No other matters are presented for consideration except as above noted. The judgment is affirmed.