THE CHICAGO CITY RAILWAY COMPANY

*v.*

CHARLES J. LANNON.

*Opinion filed October 24, 1904—Rehearing denied Dec. 22, 1904.*

1. STREET RAILWAYS—*fact that car has right of way does not excuse negligence.* In an action against a street railway company for injuries sustained by a passenger in a collision between the car and a wagon, the fact that the car had the right of way cannot be considered by the jury in determining whether the car was negligently operated.

2. SAME—*when case must go to the jury.* In an action by a passenger on a street car for injuries received in a collision between the car and a wagon, if there is evidence tending to show that the motorman started to pass the wagon before it cleared the track, as alleged in the declaration, the question of negligence must be submitted to the jury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This is an action on the case, brought by appellee, Charles J. Lannon, against the Chicago City Railway Company, appellant, and the Pabst Brewing Company, to recover for personal injuries sustained by him on June 4, 1901, while riding as a passenger on one of appellant's cars. On the morning in question, appellee, who was a bricklayer, boarded a car bound for the stock yards. He sat at the extreme left end of the last seat at the rear of the car, facing the front. The car was open, and the seats extended across it without

any center passageway. As the car proceeded south-west on Archer avenue it came up behind and near to a heavily loaded beer wagon of the Pabst Brewing Company going in the same direction along the car tracks. The driver of the wagon attempted to turn out of the railway tracks to the left and in a southerly direction, during which time the car kept moving at about three or four miles an hour. The wagon got far enough from the tracks for the front end of the car to pass it, though in close proximity. Just as the part of the car where the appellee sat was about to pass, the corner of the wagon box collided with the car and the appellee's arm was crushed at the elbow between the wagon box and the side of the car. The suit was brought against both the Chicago City Railway Company and the Pabst Brewing Company, and the jury found the defendant brewing company not guilty and the defendant the Chicago City Railway Company guilty and assessed plaintiff's damages at $5000. An appeal was prayed to the Appellate Court for the First District, where the judgment of the superior court was affirmed, and a further appeal has been prayed to this court.

WILLIAM J. HYNES, JAMES W. DUNCAN, and C. LEROY BROWN, (MASON B. STARRING, of counsel,) for appellant.

THEODORE G. CASE, and JOHN T. MURRAY, (A. W. BROWNE, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The defendant street car company requested the court to give an instruction to the jury to the effect that the street car had the right of way over other vehicles, and that the jury had the right to take that fact into consideration in determining whether or not its servants were negligent at the time of the accident; but the court refused to give it. It also offered in evidence, but the court refused to admit, an ordinance of the city of Chicago providing that street cars

should have the right of way as against other vehicles and making it unlawful for the driver of any wagon to obstruct a street car.    Both of these rulings are urged as reversible error.    The question at issue was not as to the right of way of the street car or whether or not the driver of the beer wagon was a trespasser liable to punishment for obstructing the car, but whether or not the servants of the appellant negligently, carelessly, wrongfully and improperly operated the car at the time it came in contact with the wagon and caused the injury to the plaintiff.    Neither the offered evidence nor the refused instruction was pertinent to that issue. Conceding that appellant had the absolute right of way and that the wagon was wrongfully on the track, those facts could in no way excuse its employees in failing to exercise the highest degree of care consistent with the operation of the car for the safety of passengers riding therein, and if they were negligent in that regard, causing the accident, the company must be held liable, but not otherwise.    The evidence was immaterial and the instruction inapplicable to the case.

Complaint is also made of the refusal of the trial court to give the second instruction asked on behalf of the defendants.    Of the twenty-one instructions asked by their counsel eighteen were given, and they cover every substantial theory of the defense. . The nineteenth and twentieth contained all that was material or proper to be given in the second, and there was therefore no error in the refusal to give it.

It is also assigned for error that the trial court refused to instruct the jury, at the close of all the evidence, to find the defendants not guilty, the contention being, that the evidence wholly failed to prove negligence on the part of the servants of the street car company, as alleged in the declaration.    Peter Gore, the driver of the beer wagon, testified: "I was driving south-westerly and the street was not paved on the right-hand side.    The first thing I knew I was pulling out of the switch, and swung the horses south.    I was not

quite out, I don't hardly believe, but the hind wheel, I believe, was dragging on the switch or something like that, and I got one little jar—a hard jar," etc. Meda Schlaizer, a passenger in the car, testified: "Before the wagon got all of the way out the car started to go with a kind of a jerk, so the Pabst wagon ran the whole length of that car along the little fender that was there. It struck the whole length of that, and Mr. Lannon was sitting resting his arm, and the wagon struck him on the left arm." This evidence fairly tended to prove that the motorman started his car forward before the wagon had cleared the track, thereby causing the collision and inflicting the injury complained of. Accepting it as true, as we must for the purpose of considering the question now before us, the servants of appellant in charge of the car did not exercise that degree of care for the safety of those being conveyed in it as passengers which the law requires, and we cannot therefore say that there is no evidence tending to support the verdict. It is true that there is much evidence in the record tending to prove that the wagon had entirely cleared the track when the speed of the car was increased, and that the hind wheels were swung back against the car by reason of a switch at that place; but it was for the jury, under proper instructions from the trial court, and the Appellate Court, to determine all controverted questions of fact. Our jurisdiction is limited to the single question, was there any evidence which, with all its reasonable inferences and intendments, fairly tended to prove the plaintiff's case?—and, limiting our inquiry to that question of law, we cannot say that the trial court improperly refused to give the peremptory instruction.

There seems to be no reversible error in this record, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*