## Henry Bachmann, Appellee, v. Southern Coal & Mining Company, Appellant.

1. INSTRUCTIONS—*when, to disregard count, should be given.* An instruction to disregard a count in a declaration should be given if there is no evidence which tends to support its averments.

2. PLEADING—*when declaration insufficient to support verdict.* A declaration which charges no negligence on the part of the defendant is insufficient to support a verdict rendered in an action on the case for personal injuries.

3. PLEADING—*what declaration in personal injury action must aver.* In such an action the declaration should allege the duty of the defendant, the breach of that duty and the resulting injury.

4. NEGLIGENCE—*when doctrine res ipsa loquitur does not apply.* Held, under the circumstances in evidence that the breaking of a cable was not such an occurrence as brought into operation the doctrine *res ipsa loquitur.*

Action in case for personal injuries. Appeal from the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, pre-

siding.   Heard in this court at the March term, 1911.   Reversed and remanded.   Opinion filed November 11, 1911.

KRAMER, KRAMER & CAMPBELL, for appellant.

FRED B. MERRILLS and JAMES A. FARMER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

There is no controversy concerning the facts in this case, which is a suit for damages occasioned by personal injuries.

Henry Bachmann, appellee, twenty-eight years of age, began working for appellant October 26, 1909, firing and working about the boiler room at its mine at New Baden, Illinois.   This required him to work until three o'clock in the afternoon and as the miners did not quit their work for an hour and a half later, he, by some arrangement with appellant's foreman, was employed during this hour and a half at extra work, for which he received additional compensation.

Appellant had at this mine a machine shop, where several men were employed, and in this shop was a swinging, circular saw about twenty-six inches in diameter, hung from up-rights coming down from a shaft about seven feet above and communicating the power which kept the saw in motion.   The lower edge of the saw went through a slit in the top of the work bench.   When the saw was not in use, it was held away from the bench by a wire rope attached to the frame work, and running over a pulley, to which there was fastened an iron weight of about ten pounds.   To saw a timber, the workman would take hold of a handle on the side of the frame and pull both the frame and the saw forward against the timber.   The cord, weight and pulley were just back of the saw and in full view of the person operating it.   At about three o'clock in the afternoon on November 18, 1909, after his regular

day's work was done, appellee went to the foreman, asked "what next" and was set to work with the saw in question sawing coal props. He had never used the saw before and the foreman instructed him how to pull it forward and after sawing off four pieces, left him with directions to saw one hundred pieces. After appellee had sawed some forty-five pieces and was in the act of removing the last piece sawed, the cord or cable which held the saw back from the bench, broke and the saw swinging forward, struck appellee's right hand, cutting off the index finger and injuring the tendons of the middle finger, so that he cannot close the same. Some weeks before the injury, the cord which had been used on the machine, was replaced by a piece of electric cable. This cable was about half an inch in diameter and was made up of some fifty or sixty small pliable copper wires, over which was a cloth or linen covering, one-sixteenth of an inch thick. The cable broke at a point where it passed back and forth over the pulley. Appellant's master mechanic, whose duty it was to see the machinery was kept in good order, stated he saw the cable two or three days before the accident and its appearance indicated it was in good condition; that he had never used one like it before for that purpose; that he "knew it would last six or eight months."

There were five counts in appellee's declaration. The first charged that appellee was inexperienced in the operation of the machinery in the machine shop, which fact was known to appellant; that the foreman took appellee from his position as fireman and put him to work in the operation of the circular swinging saw without instructing him as to the nature and extent of its hazards and without instructing him how to do his work so that he would not be subject to danger. The second that the saw was in a defective condition, by reason of which it would not at all times remain in its proper place when not in use, but would at times automatically come forward towards the person who was

operating the same, which condition was or should have been known to appellant, but was unknown to appellee. The third count was practically the same as the second. The fourth charged that the rope attached to the saw broke, releasing the weight. The fifth that appellant did not furnish appellee with a reasonably safe place and appliances in and with which to do his work. Each one of the counts charged that the saw automatically came forward while in motion and injured appellee's right hand.

There was a plea of the general issue and the trial resulted in a verdict and judgment in favor of appellee for $5,000. There was very little evidence in the case, only two witnesses testifying to facts directly connected with the injury.

It was undisputed that the injury was caused solely by the breaking of the cable used, by means of the weight attached to it, to pull the saw back from the bench and hold it until pulled forward by the person in charge for the purpose of putting the saw in operation.

Appellant offered five separate instructions, directing the jury to disregard the five counts of the declaration, one applicable to each count, all of which we think should have been given. The charge in the first count that the foreman took appellee from his position as fireman and put him in charge of the saw, without instructing him how to do his work so that he would not be subject to danger, is not supported by the proofs. On the contrary it appears from the evidence that the foreman instructed appellee how to do the work and in illustration cut some of the timber himself. Naturally the proof does not show that the foreman instructed him that the cable was likely to break because this, the proof showed, had never happened before and its defects were not known to the foreman. The charge in the second and third counts that the saw was in a defective condition in that it would at times automatically come forward toward the person operat-

ing the same, was wholly without proof to sustain it.

The charge in the fourth count that the cable by which the circular saw was held back from the bench broke was proven but there is no charge whatever in the declaration of negligence on the part of appellant in the use of the cable for such purpose or in failing to know that it was in a defective condition, if such was the case.

The charge in this count was wholly insufficient to base a verdict or judgment upon in favor of appellee and we think the instruction offered by appellant that the jury should disregard the same, was intended to reach such infirmity and should have been given. "If one or more of the counts in a declaration be faulty, the defendant may apply to the court to instruct the jury to disregard such faulty count or counts." Rev. Stat. (1909), sec. 71, chap. 110.

It is contended by appellee that under this count, the doctrine of *res ipsa loquitur* must be applied. That doctrine, however, does not appear to us to be applicable to the conditions of this case.

In I. C. R. R. Co. v. Swift, 213 Ill. 307, it is said: "It is further suggested however, that the breaking of the rope in the left hand set of falls, was the proximate cause of the injury and that the doctrine of *res ipsa loquitur* applies. The meaning of this term, is that the thing itself speaks; that is that the accident itself raises a presumption of negligence on the part of the defendant, which he must rebut, by showing that he took reasonable care to prevent the happening of the accident. The doctrine only applies, however, where the machine, appliance or other thing, from which the injury results, is shown to be under the management of the defendant and the accident is such as in the ordinary course of things, does not happen, if those in control use proper care."

The fifth count did not comply with the rule of law which requires, in such cases, an allegation of the duty to the party complaining, of a breach of that duty and

490    APPELLATE COURTS OF ILLINOIS.

Bond v. Grand Lodge Brotherhood of R. R. T., 165 Ill. App. 490.

a· resulting injury. McAndrews v. C. L. S. & E. Ry. Co., 222 Ill. 232. It was therefore faulty and the instruction offered by appellant to disregard it should have also been given. Rev. Stat. (1909), chap. 110, sec. 71. The doctrine of *res ipsa loquitur* having no application under the evidence, it was necessary to aver and prove the rope was defective and that appellant had either actual or constructive notice of the defect. There is no proof of such notice and even if the declaration stated a cause of action defectively as argued by appellee, it was not cured by the verdict for the reason there was no evidence of notice of the defect, in the absence of which there could be no liability.

Appellee lost his index finger on his right hand and his second finger was so injured as largely if not wholly to deprive him of the use thereof. We are of opinion, however, that under all the circumstances of the case the verdict of the jury was excessive.

For the reasons above given the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*