552 APPELLATE COURTS OF ILLINOIS.

Davenport v. Ziegler Dist. C. Co., 179 Ill. App. 552.

## Harry Davenport, Plaintiff in Error, v. Ziegler District Collieries Company, Defendant in Error.

1. INSTRUCTIONS—*when error to direct verdict.* Where there is any evidence which with all its reasonable inference and intendment fairly tends to prove the plaintiff's case, a peremptory instruction in favor of the defendant should not be given.

2. MASTER AND SERVANT—*when error to direct verdict.* In a personal injury action where plaintiff, an employe of defendant, acting under the direction of the foreman in helping to move a wheel, is injured and the evidence shows that there are questions of fact as to whether plaintiff knew of the danger and as to whether the foreman was negligent, it is error to direct a verdict.

Error to the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

MOONEYHAM & SEEBER and T. M. WEBB, for plaintiff in error.

DENISON & SPILLER, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Harry Davenport, a young man 22 years of age, brought this suit against the Ziegler District Collieries Company, to recover damages for personal injuries received by him while in the employ of the latter in Franklin county, Illinois. At the close of the plaintiff's case, the defendant offered a peremptory instruction, which was refused by the court. At the close of all the evidence, the peremptory instruction was again presented by the defendant, which was given by the court and a verdict of not guilty, in accordance therewith, was returned by the jury. A judgment was entered against plaintiff for costs and the plaintiff brings the case here for review by writ of error.

As appears from the record, there was no controversy of any moment, concerning the facts in the case.

On January 15, 1911, Davenport was working at the top of the mine of defendant in error, under the direction of its foreman, in the capacity of a day laborer, cleaning coal, loading timbers, handling cars and such other work as the foreman directed. The company had a small friction engine in a shed near the top of the mine, which was used principally to move loaded and empty cars about the yards by means of a steel cable that passed over a drum near the engine. The drum was put in motion by means of a lever, pressing it against the friction blocks which were turned by the engine. There were also two drums used at the main engine near the top of the mine, to raise and lower cars in the coal shaft. These drums were like large iron wheels 8 feet in diameter and 4 feet wide at the rim. Each drum was composed of four sections bolted together, each of which was a half circle eight feet across at the widest part, two feet across at the rim and weighing about 1,250 pounds. Spokes ran from the rim to the hub, and from the outside of the rim extended a sharp flange. The company desired to install new drums in the engine house and on the day in question, Davenport and others were engaged under Watts, a foreman, in removing the sections of the old ones, and in the prosecution of this work the small engine was used. The large engine room was a short distance north of the room in which the small engine was situated and each had doors opening to the east. In moving the sections of the drum from the large engine room a cable was run from the small engine in a northeasterly direction to a pulley on a post set east of the door of the large engine room and from thence through the door of the latter room and attached to the section of the drum about to be moved. In order to give directions to the engineer operating the small engine, the foreman in charge of the work stood near the east door of the large engine room and by motions signalled to a man standing at the east end of the small engine room, and the latter in turn, signalled to the engineer

when to start and stop his engine. In the manner indicated, two of the sections of the drum had been pulled out of the engine house to the desired place and a third one had been drawn out over the ground to a short distance beyond the door. In moving this section the cable had been attached to the middle of the semi-circle and the section was drawn flat upon the ground with the hub or center furthest from the pulley. The flange cut into the ground and caused difficulty in moving the section so it was decided to turn the section up upon the rim and haul it like a sled. With this in view, the cable was released from the rim and extended back across the section to the hub, it being expected that when the power was applied to the cable it would pull the section up so it would stand on the rim. After the cable was so attached and the power applied, it was found that the engine did not exert enough force to pull it up. The foreman thereupon ordered the three men who were assisting in the work, to take hold of the section and help raise it when the power should be again applied. In obedience to the order two of the men went to the southwest part or corner of the section, while Davenport went to the northwest corner. The foreman who stood west of Davenport, then gave the signal to start the power to the man near the small engine room and he in turn conveyed it to the engineer. The power having been applied, the cable, with the assistance of the three men, pulled the section nearly upon its rim, when it suddenly turned or swung around on its side, striking Davenport on the head, knocking him down and inflicting upon him severe and permanent injuries.

The negligence charged in the four counts of the declaration was that the cable in question was improperly attached to the section of the drum, so that it would not raise the section and would render the work of the servants engaged about it dangerous; that defendant failed to instruct the engineer as to the manner or extent to which the section of the drum

should be elevated or pulled, or to adopt necessary means or signals by or through which he could inform the engineer when and in what manner and to what extent the engineer should elevate or pull the section; that Davenport took hold of the drum in obedience to the order of his foreman, and the latter thereupon negligently and carelessly caused the drum to be pulled against him by means of the engine and cable; that Davenport was without experience and skill in the performance of the work in which he was engaged and unable to appreciate the risk or danger, and the defendant in disregard of his safety, ordered him to assist in lifting the drum without warning him of the risk and danger in so doing, and also failed to instruct him how to perform said work in a reasonably safe and secure manner.

The only question for our determination is whether the proofs presented a case which should have been submitted to the jury under proper instructions as to the law, applicable to the facts. If there was any evidence which, with all its reasonable inference and intendment, fairly tends to prove the plaintiff's case, a peremptory instruction in favor of the defendant should not have been given. Chicago City Ry. Co. v. Lannon, 212 Ill. 477; Rowe v. Taylorville Elec. Co., 213 Ill. 318.

Plaintiff in error was acting directly under the command of his foreman. It turned out that the manner in which the wheel was being raised was dangerous. This danger may have arisen from the manner in which the cable was attached to the hub, from the speed with which the power was applied to the cable in raising the section, or from other causes. Whether Davenport knew of the danger or could, by the exercise of reasonable care, have ascertained it and whether the foreman knew of it or should in the exercise of reasonable care have known it, and whether under all the circumstances of the case, the injuries to plaintiff in error were caused by one of the hazards incident to

his employment, were all questions of fact which should have been submitted to a jury. It was for the jury, not the court, to say whether under the circumstances, the foreman was or was not guilty of negligence in causing the cable to be attached to the section of the wheel or drum in the manner in which it was, and whether he was guilty of further negligence in not establishing a system of signals by which the power applied by the engineer to the cable, could be regulated so as to make it move with greater or less speed, as might be desired, or whether he was guilty of negligence in not warning Davenport of the danger about to be incurred by him.

We are of opinion the court below erred in not submitting the case to the jury for their determination of the facts involved and for that reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*