### Henry Bachmann, Plaintiff in Error, v. Southern Coal & Mining Company, Defendant in Error.

1. MASTER AND SERVANT—*defective appliances.* Where a rope to which a weight is attached and used to hold a swinging saw away from a bench, repeatedly breaks in the place mostly used on the pulley, such fact would indicate that a wire cable is not adapted to the purpose for which the rope was used.

2. MASTER AND SERVANT—*when master has opportunity to inspect cable.* A master has had an opportunity to examine a cable with a weight attached, used to keep a swinging saw away from a bench, where the workman who operated the saw attached it about six weeks before the accident.

3. MASTER AND SERVANT—*when negligence of master is for the jury.* In an action for injuries received when a swinging saw came forward and struck plaintiff on the breaking of a cable with which it was held, the question whether defendant was guilty of negligence is for the jury where there is evidence that the copper wire cable was not of the proper material when used over a pulley of the size used, that defendant had an opportunity to examine it, and the rope previously used had broken repeatedly.

Error to the Circuit Court of St. Clair county; the Hon. WILLIAM E. HADLEY, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

FRED B. MERRILLS and JAMES A. FARMER, for plaintiff in error.

KRAMER, KRAMER & CAMPBELL, for defendant in error.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

This case was tried at a former term of the Circuit Court of St. Clair county and judgment rendered for plaintiff, from which judgment an appeal was prosecuted to the Appellate Court of the Fourth District and reversed at the October Term, 1911, thereof and remanded to the Circuit Court for a new trial. After the case had been remanded to the Circuit Court several additional counts were filed to the declaration upon which issue was joined and trial had at the September Term, 1912, of said Circuit Court. At the conclusion of plaintiff's evidence the court directed the jury to find the defendant not guilty, which it did, and judgment was rendered against the plaintiff for costs, to reverse which the plaintiff prosecutes this writ of error.

For a statement of the facts in the case reference is made to the case of *Bachmann v. Southern Coal & Mining Co.,* 165 Ill. App. 485. After the case had been remanded additional counts were filed conforming to the suggestions of this court; plaintiff also offered some additional evidence, especially with reference to the wire rope that broke causing the injury to plaintiff.

By the several counts of the declaration, as it now appears, it is charged in various forms that the plaintiff was inexperienced in the work which he had been called upon to perform and this was known to the defendant; that defendant made use of an insulated electric wire, insufficient in tensile strength and durability for the purpose for which it was used; that the rope was weak, defective and insufficient and made of improper material and was dangerous; that such defective, improper and insufficient cable was liable to break and cause said saw to come forward and injure the plaintiff; that the defendant made use of an insulated electric wire which was not designed to resist tension;

that defendant failed to furnish plaintiff with reasonably safe appliances with which to work; that the defendant had knowledge of all such defects or by the exercise of due care might have known of them and that plaintiff did not know of them, and in each case avers that such defective appliances and materials were negligently furnished by the defendant.

It is disclosed by the evidence on this trial that when the saw was not in use it was held away from the bench by a wire rope attached to the frame work and running over a pulley to which there was fastened an iron weight of about ten pounds; that the plaintiff was inexperienced in such work and says, "I did not know at that time what made it (the saw) go back." That the cable used for holding this weight was an electric wire cable. The witness who attached it to the machine says, "I put the rope on a month or six weeks before, it was a copper cable; I picked it up laying around the shop, old cable, I picked it up in there. As near as I can remember it was about three-eighths or probably one-half inch in diameter. It was bought for conducting power to electric machines. Before that time we used a hemp rope, or cotton. The other rope had broken several times and did not give satisfaction and I thought the copper cable would be more substantial and last better and I had none other of the kind. The rope broke in the place mostly used on the pulley. I operated the saw. The effect of the breaking of the rope was that the saw would swing forward, swing down to a plumb and toward the man operating it."

The evidence discloses further that the constant use of a wire of this character over a pulley of this size would mash the wires and weaken the cable and cause it to break, and that the constant straightening and bending of the wires would, at every time, rearrange the molecular construction of the wire and gradually weaken it. It was further shown by some of the witnesses, who claim to be conversant with these matters,

that they had never seen a cable of this character used in bearing a weight, and that the constant use of a wire of this kind would gradually weaken and result in its breaking. The evidence tended to show that this cable was not constructed for the purpose of sustaining a weight but for an entirely different one. It was picked up by defendant and used by it as a matter of convenience because, as the witness says, they had no other. It further tended to show that the appliance used was not adapted to that purpose. It is the duty of the master to use reasonable care to furnish the servant with reasonably safe place and appliances with which to work and he is liable for the negligent performance of that duty whether he undertakes its performance personally or through another. Actual knowledge by the master of the defective condition of the place furnished for the servant to work is not essential to the master's liability if the circumstances are such that he ought to have had such knowledge, and the same rule is invoked as to appliances. *Missouri Malleable Iron Co. v. Dillon,* 206 Ill. 145.

The law is well settled that a peremptory instruction should not be given where there is ''Any evidence in the record fairly tending to support the plaintiff's cause of action.'' *Chicago City Ry. Co. v. Martensen,* 198 Ill. 511. ''Or where there was any evidence tending to sustain the cause of action set up in the declaration.'' *Consolidated Coal Co. of St. Louis v. Fleischbein,* 207 Ill. 593. Or where there was any evidence ''which, with all its reasonable inferences and intendments, fairly tended to prove the plaintiff's case.'' *Chicago City Ry. Co. v. Lannon,* 212 Ill. 477.

We are of the opinion that the fact that the rope used, before putting this cable upon it, had repeatedly broken; that this cable was not adapted to the purpose for which it was used; that the defendant had the opportunity to examine the cable; that the question as to whether or not the cable was of proper material when

used over a pulley of the size the evidence shows this to have been used over, together with all of the facts and circumstances were matters that tended to show that the defendant had not exercised the care he should have done in using this cable for such purpose, and ought to have been submitted to the jury and let them determine from all of these facts as to whether or not the defendant was guilty of negligence.

The court erred in directing the jury to find a verdict of not guilty and for that reason the cause is reversed and remanded for a new trial.

*Reversed and remanded.*