it singles out isolated facts, telling the jury that such facts are not enough to prove the issue, invades the province of the jury and is argumentative and misleading.

3. INSTRUCTIONS, § 133*—*when omission of reference to theory of cause improper.* An instruction which omits all reference to a theory of the facts which, in truth, would entitle plaintiffs to recover is erroneous.

4. INSTRUCTIONS, § 48*—*when instruction on facts improper.* In an action by brokers to recover commissions on the sale of real estate, an instruction which contains a repeated inference amounting to an assertion that the facts enumerated therein are not in themselves sufficient to prove that plaintiffs were in fact the procuring cause of the sale, which was the principal issue in the case, is erroneous.

5. TRIAL, § 124*—*when argument of counsel improper.* Evidence examined and *held* that statements made by counsel in his argument to the jury were of such character as to arouse the passion and prejudice of the jury, the effect of which was not removed by the action of the court in finally sustaining an objection.

6. TRIAL, § 128*—*when argument of counsel improper.* It is improper for counsel in argument to the jury to state facts which are not in evidence, and especially to fortify such statements by personal asseveration as to their truth.

---

John F. Devine, Administrator, Appellee, v. Eli Pfaelzer, Appellant.

Gen. No. 20,975.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 15, 1915. Rehearing denied November 1, 1915. Modified opinion filed December 22, 1915.

### Statement of the Case.

Action by John F. Devine, administrator of the estate of Philip Fitzpatrick, deceased, plaintiff, against Eli Pfaelzer, defendant, to recover damages for the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

death of plaintiff's intestate. From a judgment for plaintiff, defendant appeals.

The evidence shows that defendant left his horse and buggy standing at the curb on Calumet avenue, near Forty-seventh street, in the city of Chicago. The horse ran away, going east on Forty-seventh street to St. Lawrence avenue, and then north. Fitzpatrick was standing in front of a building on the west side of St. Lawrence avenue near Forty-sixth street, and attempted to stop the runaway, but was thrown to the ground, and injured so seriously that he died the next morning. The evidence on behalf of defendant tended to prove that when he left the horse and buggy on Calumet avenue, he attached a heavy strap and twenty-five pound weight to the horse's bit; that some children were playing "horse" on the sidewalk and gave a signal to start; that the horse started off, dragging the weight, then began to run and broke the strap, and that a piece of the strap was dangling from the bit when the horse was finally stopped. On the other hand, two of plaintiff's witnesses, who saw the accident from a window of a building on St. Lawrence avenue, testified that at the time of the accident there was no strap hanging from the horse's head except the reins which were wrapped around the whip in the buggy. An ordinance of the city of Chicago was introduced in evidence, which prescribes a penalty for leaving in any public street of the city, a horse to which any vehicle is attached, "without securely fastening such horse." There was also evidence that St. Lawrence avenue is in "a populous section" of the city, with residence buildings on both sides of the street.

It further appeared from the evidence that just before the accident, Fitzpatrick was standing with a man and woman on the sidewalk when the runaway approached; that no other persons were in sight upon the street in the direction in which the horse was going; that Fitzpatrick and the other man ran into the street

to stop the horse; that they stood about eight feet apart, one on each side of the apparent path of the runaway, Fitzpatrick two or three feet behind the other man; that as the horse approached, the first man waved his arms, and the horse swerved and ran into Fitzpatrick and knocked him down.

John A. Bloomingston, for appellant.

James C. McShane, for appellee.

Mr. Justice Fitch delivered the opinion of the court.

## Abstract of the Decision.

1. Negligence, § 185*—*when evidence establishes prima facie case.* In an action against the owner of a horse to recover for the death of plaintiff's intestate caused by being struck by such horse while it was running away, evidence that the horse was running away unattended in a public street of a city together with the introduction of an ordinance of the city prohibiting the leaving in any street a horse to which a vehicle is attached without securely fastening the horse, establishes a prima facie case of negligence on defendant's part.

2. Negligence, § 76*—*whether risking life to save another contributory negligence.* The rule that a person has the right to risk his own life in an effort to save the life of another without being chargeable with contributory negligence is limited to cases where the attending circumstances and conditions are such as to afford a reasonable basis for the belief that it is necessary to take such a risk in order to save another from personal injury or death.

3. Negligence, § 188*—*when evidence sufficient to show contributory negligence.* Evidence, in an action to recover for death of plaintiff's intestate through being knocked down by a runaway horse while trying to stop it, examined and *held* sufficient to support a finding that deceased was guilty of contributory negligence.

#### ON MOTION TO AMEND JUDGMENT.

4. Appeal and Error, § 1806*—*when remanding order struck out.* Where, on an action to recover for the death of plaintiff's intestate, plaintiff recovers judgment which, on appeal, is reversed and remanded, the reversal being solely on the ground that the intestate was guilty of contributory negligence as a matter of law, and there-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

after plaintiff files in the Appellate Court a motion to strike out the remanding portion of the order and, in support of the motion, admits of record that he would be unable to prove on any further trial that intestate "was in the exercise of ordinary care for his own safety either before or at the time of his injuries, besides, or in addition to the facts or circumstances, which were proven at the last trial of the cause," the remanding part of the order will be struck without regard to whether or not the other party consents thereto.

## Charles Husche, Jr., Appellee, v. Chicago Iron & Metal Company, Appellant.

## Gen. No. 20,959. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 15, 1915.

### Statement of the Case.

Conversion by Charles Husche, Jr., plaintiff, against Chicago Iron & Metal Company, a corporation, defendant. From a judgment by the court without a jury for plaintiff for $1,175, defendant appeals.

The evidence shows that in February, 1911, a fire occurred at the place of business of one A. L. Dawson, a dealer in secondhand machinery, by which the greater part of the machinery there located was so damaged as to render it unfit for further use as such. Plaintiff contended that such machinery was sold by Dawson to the defendant, a dealer in scrap iron, having two yards, known respectively as Halsted street and Lake street yards; that at the time of the fire, he had on consignment with the said Dawson a lot of secondhand laundry machinery which had been placed in merchantable condition by Dawson; that the fire rendered necessary the removal of the machinery from Dawson's premises; that defendant, in the course of the negotiations for the purchase from Dawson of what the de-