Jesse W. Mitchell, Appellee, v. Louisville and Nashville Railroad Company, Appellant.

564

Opinion filed May 31, 1941.

FARMER, KLINGEL & BALTZ, of Belleville, for appellant.

Jos. B. McGLYNN, of East St. Louis, for appellee; JOHN J. HOBAN, of counsel.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Appellee (hereinafter designated as plaintiff), a resident of Covington, Kentucky, while employed as a switchman by appellant (hereinafter designated as defendant), in the Decoursey Yards, near Covington, Kentucky, was injured on the third day of July 1938 by the alleged negligence of defendant, in being knocked from the top of a ladder on the side of a freight car that he was then engaged in switching, thrown to the ground and injured. He brought suit

in the city court of East St. Louis in St. Clair county, under the provision of the Federal Employers' Liability Act, conferring concurrent jurisdiction upon State and Federal courts and allowing the plaintiff to lay the venue of such action in the district where the defendant shall be doing business at the time of the commencement of the action.

There was a verdict for $32,400; judgment for that amount in the trial court from which judgment defendant prosecuted an appeal to this court. In *Mitchell v. Louisville & N. R. Co.*, 305 Ill. App. 635, the judgment of the lower court was reversed. Appeal was taken by plaintiff to the Supreme Court, and by the Supreme Court reversed and remanded to this court, with directions to consider the weight of the evidence and to consider any other errors relied upon for a reversal and comes now before this court for reconsideration. The suit was tried in the trial court upon an amended complaint, which charged that plaintiff was injured by the alleged negligence of the defendant company, while it was engaged in interstate commerce and the answer of the defendant thereto, denying that the plaintiff and defendant were engaged in interstate commerce at the time of plaintiff's injury.

The accident occurred around 2:50 on the morning of July 3, 1938 in the Decoursey Yards of the defendant, near Covington, Kentucky. These yards were known as classification yards, where freight trains were broken up and classified preparatory to being made up into other trains. The general direction of the yards is from north to south. The yards are made up of a number of yards designated as yard "A" "B" "D" or 26 and others. Between yards "A" and "B" are what are called the main hump track and lower hump track, which are in the main parallel, but of inequal distances apart. In yard "B," starting from the west side, the switch tracks are numbered from one to twelve; number twelve being an extension of the

main hump track and being also known as the lead track. These hump tracks are gravity tracks to which cars are hauled from yard ''A'' by an engine; the cars are run into various tracks in yard ''B'' by force of gravity, south of the crest of the hump.

The crews working in this yard are called hump crews, and consist of an engineer, fireman, switch tenders, car riders and an employee who follows the engine and directs the movements of cars being placed on the various tracks. The movement of the cut of cars involved here was directed by the plaintiff, who was the ''follower of the engine'' of this crew. It was his duty to signal the engineer and the duty of the engineer to obey such signals. Early on the morning in question one car had been picked up by the engine on track number one, and seven or eight cars on tracks six or seven. There seems to be no controversy that as they came to the lower southbound hump, plaintiff gave a stop signal and the engineer stopped. This signal was given by lantern. The plaintiff then gave a come-ahead signal, which seems to have been for the purpose of taking up the slack that had run out in the train; a stop signal was then given by the plaintiff in order to effect the cut of the seven or eight cars, taken from tracks six or seven. The plaintiff then testified that he gave the engineer a back-up signal, and that the engineer instead, moved the engine forward, causing the cars to run away. Plaintiff then ran after the cut of cars alleged to be runaways, boarded one of them and started climbing the ladder on the side of the car and had about reached the top of the car, when the cut of cars on which he was riding, collided with another cut of cars standing stationary on the south end of the tracks. Plaintiff was thrown over against the crossover rail, and sustained a compression fracture of the first lumbar vertebra.

It is alleged as error that the trial court erred in overruling defendant's challenge to the array of

jurors. A careful examination of the record fails to disclose any reversible error in that regard. Mere irregularities in failing to comply strictly with statutory provisions if not prejudicial will not invalidate the list of jurors. A verdict will not be set aside because a challenge to the array is overruled unless the record shows that the substantial rights of the defendant were thereby impaired. *People v. Colegrove*, 342 Ill. 430, l. c. 436; *People v. Coffman*, 338 Ill. 367. l. c. 371; *Hartshorn v. Illinois Valley Ry. Co.*, 216 Ill. 392, l. c. 405; *Healy v. People*, 177 Ill. 306; *Torpedo Top Co. v. Royal Ins. Co.*, 162 Ill. App. 338.

Defendant contends that there is no liability on its part, because of the doctrine of assumed risk, and contributory negligence on the part of the plaintiff, arguing that he was in a place of safety and voluntarily and unnecessarily went to a place of peril. Plaintiff earnestly contends that the doctrine of imminent peril applies; that he was trying to protect fellow employees alleged to have been down on 26 and the company's property from injury, and counsel say that if that theory does not apply, then plaintiff has no cause of action. The question of contributory negligence on the part of the plaintiff is a question of fact for the jury. *Devine v. Pfaelzer*, 277 Ill. 255, aff'g 195 Ill. App. 221; *Leiter v. Kinnare*, 68 Ill. App. 558; *Pienta v. Chicago City R. Co.*, 284 Ill. 246; *Illinois Cent. R. Co. v. Anderson*, 184 Ill. 294.

The question of assumption of risk by the employee is also a question of fact for the jury. *Chicago Screw Co. v. Weiss*, 203 Ill. 536; *Shoukair v. Sargent Co.*, 235 Ill. 509; *Chicago L. S. & E. R. Co. v. Cukravony*, 132 Ill. App. 367; *Davenport v. Ziegler District Collieries Co.*, 179 Ill. App. 552. So, also, is the question of whether plaintiff's conduct, in time of alleged imminent peril constituted contributory negligence. *Galena & C. U. R. Co. v. Yarwood*, 17 Ill. 509; *Chicago & A. R. Co. v. O'Leary*, 126 Ill. App. 311; *Chicago Terminal*

*Transfer R. Co. v. Kotoski,* 101 Ill. App. 300, aff'd 199 Ill. 383.

It is argued by the defendant, that the evidence was insufficient to sustain plaintiff's contention that he was engaged in interstate commerce at the time he was injured, and that the court erred in denying defendant's motion for directed verdict at the close of the testimony in behalf of plaintiff and again at the close of all of the testimony in the case.

An employee of a railroad company, at the time of an injury sustained by him, is engaged in interstate commerce, within the meaning of the Federal Employers' Liability Act, under which the instant suit was brought, if he is engaged in interstate transportation or in some work so closely related to it, as to be practically a part of it. *Shanks v. Delaware, L. & W. R. Co.,* 239 U. S. 556. If cars used in switching have been assigned to interstate commerce, or if the purpose of the switching is to facilitate the movement of interstate cars, the switchman is engaged in interstate commerce. *Kiefer v. Elgin, J. & E. Ry. Co.,* 351 Ill. 634; *Louisville & N. R. Co. v. Parker,* 242 U. S. 13; *Southern Ry. Co. v. Puckett, supra.*

It is sufficient to bring the activity within the Federal Act, if one or more of the cars being moved has been designated for interstate shipment, irrespective of whether a specific train is being prepared at the time. *Chicago, R. I. & P. Ry. Co. v. Benson,* 352 Ill. 195; *Devine v. Chicago, R. I. & P. Ry. Co.,* 266 Id. 248; *Louisville & N. Ry. Co. v. Parker, supra; Grand Trunk & Western R. Co. v. Boylen,* 81 F. (2d) 91.

The admission of certain evidence, which would be determinative of whether plaintiff was engaged in interstate commerce at the time of the accident, is alleged as error. Before the cause came on for hearing, plaintiff demanded the production of certain records and documents which would show the cars involved in the movement in the yard, and with which plaintiff was

at work, at the time of the injury. Defendant answered that time would be required to investigate its records which were kept at Louisville and Covington, Kentucky, in order to obtain the information needed. An order was entered by the court requiring the production of these records. Upon the trial, it appearing that said records were not produced, and counsel for the defendant stating that there were no records showing movements of the cars in question, plaintiff testified that shortly before the accident, the crew foreman had directed him to obtain a car of ''perishables'' from track 1, in yard ''A'' or ''B'' and seven cars from yard ''B''; that plaintiff distinguished the first car, which was sealed, from others on track 1 by a yellow card on its side, bearing the word ''perishables'' in red letters, and written in pencil, ''Memphis Line, from Cincinnati,'' and was destined to or beyond Memphis, Tennessee. Objection was made to the competency of this testimony and to its admissibility, as being secondary evidence, in the absence of prior notice to produce a card attached to the side of the car. The record does not disclose the destination of the seven cars described as ''west-enders,'' which were cars regularly destined for connecting lines and points north of the yards, the majority going to Cincinnati. The foreman of plaintiff's crew did not testify, and no evidence of the existence, meaning or authenticity of cards on, or of the contents, origin or destination of any cars in the yards, including those moved by plaintiff's crew, was offered by defendant.

Defendant contends that it was error to permit plaintiff to testify with reference to the foreman's order to him to obtain a car of perishables from track 1, and describe the card on the side of the car moved from track 1, on the ground that this testimony was hearsay and incompetent. The foreman's description of the car, as containing perishables, unlike statements found objectionable in cases cited by defendant, was

necessary to plaintiff's selection of the intended car, and consequently to the performance of his work. Similarly, since the cars are classified and switched in the yards according to directions found on their attached cards and other markings, plaintiff's testimony is admissible concerning the presence and meaning of the card on the car in question. *Kiefer v. Elgin, J. & E. Ry. Co., supra; Mitchell v. Louisville & N. R. Co.,* 375 Ill. 545. Markings on cars are of the same nature as way-bills, and a witness, without producing the original records, may describe their contents, as tending to prove that the cars were engaged in interstate commerce. *Wagner v. Chicago, R. I. & P. Ry. Co.,* 277 Ill. 114; *McNatt v. Wabash R. Co.,* 341 Mo. 516; *Mitchell v. Louisville & N. R. Co., supra.*

Defendant having failed and refused to produce any records or other evidence to show what cars were present in the yards on the night of the accident, is not in a position to complain against the admission of the best evidence available to plaintiff, and every presumption and intendment will be indulged against defendant. *International Sales Co. v. Industrial Commission,* 365 Ill. 436; *Kaplan v. Stein,* 329 Id. 253; *Baltimore & O. R. Co. v. Flechtner,* 300 Fed. 318.

The testimony of plaintiff, standing alone, tends to establish the fact that one of the cars in the group being moved at the time of the accident had been designated for and assigned to a movement from Cincinnati to Memphis, or beyond. This testimony is uncontradicted and constituted proof from which the jury could have found that plaintiff was engaged in interstate commerce. We find no reversible error in the admission of this testimony and hold that the trial court did not err in overruling defendant's motion for directed verdict at close of plaintiff's testimony and at close of all the evidence.

It is assigned as error that the court improperly admitted certain testimony of Dr. O. J. Culbertson, Dr.

Rolla E. Little and Dr. James F. McFadden, all of whom examined plaintiff and testified upon the trial as to the result of their examination. It is complained that the testimony of these physicians was not competent for the reason that it was based upon self-serving statements by plaintiff, not in the course of treatment, but with a view of enabling the physician to testify with reference to the physical condition of the patient.

In the main all of these witnesses testified to objective symptoms, and their opinions seem to have been based upon that and not upon any narrative statements of plaintiff. If there was any error committed by the trial court in the admission of this testimony, it was harmless, and not calculated to affect injuriously the rights of the defendant. This should not be allowed to work a reversal. *West Chicago St. Ry. Co. v. Maday,* 188 Ill. 308.

Objection is made to plaintiff's instruction number two, which advised the jury as to the measure of damages, in the event that they found in favor of the plaintiff. We believe that this instruction correctly stated the law. Additional assignments of error are based upon alleged improper argument of counsel, alleged improper remarks by the court, claimed to be prejudicial, in none of which assignments of error do we find any merit.

Defendant contends that the damages allowed by the jury are excessive. If the jury believed the testimony of plaintiff and the three physicians, who all testified as to the permanency of plaintiff's injuries, and they evidently did believe them, then the damages awarded were not excessive.

Counsel for defendant contend that the plaintiff failed to prove the charge of negligence alleged in his complaint by even a scintilla of evidence or by the greater weight of the evidence, but that on the contrary the great weight of the evidence is against the plaintiff's contention. However, as counsel say later

on, in their brief the decisions of the Federal court govern in actions brought under the Federal Employers' Liability Act. *Chesapeake & O. R. Co. v. Kuhn*, 284 U. S. 44, 76 L. Ed. 157; 52 Sup. Ct. 45; *Pryor v. Williams*, 254 U. S. 43, 65 L. Ed. 120, 41 Sup. Ct. 36; *Kusturin v. Chicago & A. R. Co.*, 287 Ill. 306, 122 N. E. 512.

The Federal courts have held that the fact that the verdict and the judgment are against the weight of the evidence, are not for the determination of an Appellate Court. *Warbende v. Prudential Ins. Co. of America*, 97 F. (2d) 749; *Swinger v. Firman Equipment Co.*, 94 F. (2d) 269; *Grand Trunk Western R. Co. v. Heatlie*, 48 F. (2d) 759; *Goodwin v. United States*, 2 F. (2d) 200.

In passing upon the proposition as to whether or not the lower court erred in denying defendant's motion for a directed verdict at the close of all the evidence, plaintiff is entitled to the benefit of all the evidence favorable to him and all favorable inferences reasonably and naturally to be drawn from the evidence, in order to determine only if such evidence and inferences, if true, were sufficient to establish plaintiff's case. *Gunning v. Cooley*, 281 U. S. 90, 74 L. Ed. 720, 50 Sup. Ct. 231; *Tobin v. Pennsylvania R. Co.*, 100 F. (2d) 435; *Huff v. Illinois Cent. R. Co.*, 362 Ill. 95, 199 N. E. 116; *Walldren Express & Van Co. v. Krug*, 291 Ill. 472, 126 N. E. 97.

We are limited under the authorities to a determination of the one question of whether or not the plaintiff's evidence, taken as true, with all the intendments therefrom most favorable to him, is sufficient to establish the specific negligence charged by him. We are of the opinion that the record discloses that, and that it further fails to disclose any reversible error.

The judgment of the lower court, therefore, will be affirmed.

*Affirmed.*