THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

FRANK MADAY.

*Opinion filed December 20, 1900.*

APPEALS AND ERRORS—*when error in admitting evidence will not reverse.* In a personal injury case it is error to permit the plaintiff to state what he had formerly earned at a trade which he had abandoned some five years before the injury occurred; but such error will not reverse if it is apparent from the record that it was not prejudicial to the defendant.

*West Chicago Street Railroad Co. v. Maday,* 88 Ill. App. 49, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (W. W. GURLEY, of counsel,) for appellant.

DOUTHART & BRENDECKE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the superior court of Cook county in favor of appellee, against appellant, for a personal injury caused by a collision between a grip-car of

appellant and the wagon of appellee, in which he was seated when driving along the street.

Appellee, at the time of the injury, kept a coffee and tea store, and had been in that business for the preceding five years. For ten or twelve years before that he had been employed as a worker in wood by different persons and companies engaged in woodwork. He testified that on account of the injury to his knee, caused by the collision, he was unable, for over a year and a half, to do any kind of work; that he then tried the woodwork business again, but found that he could not do the work—that he could not stand up by the machine. His counsel then asked him this question: "What did you earn a day or week while you were working at woodwork?" The court overruled the defendant's objection and the witness answered: "I earned two and a quarter, and at least two dollars a day." Exception was taken to this ruling of the court, and this is the only error relied on in this court for a reversal of the judgment. The jury assessed the plaintiff's damages at $5000, but on the motion for a new trial he remitted $1500, and the motion was overruled and judgment entered for the balance.

It does not appear from the record as clearly as it should whether the witness was testifying to what he earned while engaged at working in wood five years or more before he was injured, or to what he earned at such work when he went back to it after he received the injury and found that he was unable to perform it. From the context, however, the more reasonable construction of the record is that the question and answer referred to his earnings during the period first mentioned, when he was able to do that kind of work, and we shall so treat the record in deciding the question raised.

We are of the opinion that the objection to the question should have been sustained, and that it was error to permit the plaintiff to prove what he had formerly earned in an employment which he had abandoned so

long before the injury. (*Boston and Albany Railroad Co.* v. *O'Reilly*, 158 U. S. 334; *Richmond and Danville Railroad Co.* v. *Elliott*, 149 id. 266; *Fisher* v. *Jansen*, 128 Ill. 549.) The testimony of the plaintiff as to the amount he then earned or received, was of facts too remote, which facts were dependent on too many independent and collateral circumstances to give the jury any correct information of the value of the plaintiff's earning power or ability at the time of the injury and of which he had been deprived by such injury. But this testimony related only to the question of the amount of damages. It had no bearing on the question whether the defendant was liable to the plaintiff as charged in the declaration, and it clearly was not of a character to enhance to any considerable extent the plaintiff's damages, when such testimony is considered in connection with other and proper evidence in the record relating to the plaintiff's skill and experience as a worker in wood and his capacity to engage in other business and work.

When the court can see from the record that an error committed by the trial court in the progress of the case was a harmless one, or that its injurious effect or harmful character was obviated, so as not to affect injuriously, in the final judgment, the rights of the party against whom the error was committed, it should not be allowed to work a reversal. It is more important in the administration of justice that litigation should end in the attainment of substantial justice, than that a record of the proceedings should be built up which is without flaw or blemish.

A motion to assess statutory damages against the appellant upon the claim that the appeal was taken and prosecuted for delay was made, and has been reserved until final hearing. No grounds appear for such damages, and the motion is overruled.

Finding the record to be free from harmful error, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*