**Frank Sausis, Plaintiff in Error, v. G. H. Hammond Company, Defendant in Error.**

### Gen. No. 14,378.

MASTER AND SERVANT—*when former not liable for injury to latter occurring in freight elevator.* If the proximate cause of the injury to a servant was the position which he unnecessarily assumed in the elevator in which he was injured, the master is not liable.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinon filed October 25, 1909.

**Statement by the Court.** In an action on the case for personal injuries brought by plaintiff in error against defendant in error, the verdict was not guilty, a motion for new trial was denied and judgment entered on the verdict, to reverse which this writ of error is prosecuted.

Plaintiff when injured was forty years old, was in the service of the defendant and was injured when riding, in the course of his employment, on a freight elevator of defendant. He went on such elevator at the first floor and was injured when the platform on which he stood reached the second floor. The elevator was at the northwest corner of the room and the north and west walls of the room formed the north and west sides of the elevator shaft. The south and east sides of the elevator shaft, from the ceiling down to within seven feet of the floor, were made of wire netting. On said south and east sides were doors extending from the lower edge of the wire netting to the floor. The shaft was eight feet and three or four inches square on the inside, and at each corner was a post which served as a guide in raising or lowering the platform. Each of the doors above mentioned consisted of two parts, each four feet wide, and hung to one of said posts in such manner that they opened outward. The elevator platform was eight feet square, with solid sides or railings three feet high on the north and west sides, and with no railing on either of the other two sides. The elevator was used to carry beef products from the first floor to upper floors of the building. Such products were placed in boxes attached to trucks, and the trucks were wheeled onto the platform, carried, with the truckmen, to an upper floor and then wheeled from the platform by the truckmen. The doors were made of boards four inches

wide placed about an inch apart. The doors were a part of the elevator shaft, and not a part of, or attached in any way to, the platform of the elevator. When products were to be taken to an upper floor of the elevator, both parts of the door on either the east or south side were thrown open and the trucks wheeled through the open door onto the platform. When the trucks and truckmen were on the platform, the door was closed and the platform raised. On the day in question the east door was thrown open, and two trucks, each about three feet wide and four or five feet long, including handles, placed on the platform. With one were two truckmen, with the other only plaintiff as truckman, so that with the elevator man there were on the platform two trucks and four men. An incandescent electric light hung about seven feet above the platform. When the platform reached the ceiling of the room the heel of plaintiff was caught between the elevator platform and the side of the elevator shaft, and thereby plaintiff sustained the injuries complained of.

THEODORE PROULX and CYRUS J. WOOD, for plaintiff in error.

FRANK M. COX and R. J. FELLINGHAM, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The case was submitted to the jury on a declaration consisting of three counts and a plea of not guilty. The first of said counts averred that the defendant negligently, etc., ran the platform of the elevator so close to the side of the elevator shaft that plaintiff's foot was caught between the platform and the side of the shaft, and thereby he was injured. The second averred that defendant negligently constructed said elevator platform without guards along the edge of the same, and that by reason thereof plaintiff's foot

was caught between said platform and the side of the shaft, and thereby he was injured; the third averred that the defendant negligently, etc., ordered the plaintiff to ride on said elevator, and that his foot was caught as alleged in the other counts, and thereby he was injured.

In the course of his employment plaintiff was required to ride on the elevator. The duty of the defendant was to use reasonable care to have, keep and manage the elevator so that it should be reasonably safe for the carriage and conveyance of the plaintiff.

It is manifest from the evidence that a part of plaintiff's foot, including the heel, extended out from and beyond the south edge of the platform on which he stood, and that it was because it so extended beyond the edge of the platform that his heel was caught between the platform and the south side of the shaft and injured. There was a space of one to two inches between the platform and the sides of the elevator shaft. Defendant was not bound to so construct the elevator as to make the space between the platform and the sides of the shaft greater than was necessary to permit the platform to move up and down freely without rubbing or striking against the side of the shaft. The platform did not strike against the side of the shaft, but plaintiff's foot, because it extended beyond the edge of the platform, was caught between the edge of the platform and the side of the shaft and injured. There is, in our opinion, in the record no evidence tending to prove the negligence alleged in the first count.

There was on the platform, along its north and west edges, a solid railing three feet high. The trucks were taken onto the platform from either the east or south side, and such railing on the north and west edges of the platform prevented the trucks from going back beyond the edge of the platform. But it was necessary that the approach to the platform from the east and south sides should be unobstructed by any guard or railing, so that trucks might be taken onto and off

from the platform from those sides. We do not think that the defendant was bound to anticipate that one of its employes riding in the elevator would extend a part of his foot beyond the edge of the platform, and to provide and use movable guards or railings on the east and south sides so as to render it impossible for a person riding on the elevator to extend his foot beyond the edge thereof. The elevator was a freight, not a passenger, elevator. There was an abundance of room on the platform for the men and trucks which were on the elevator when plaintiff was injured. An electric light was suspended about seven feet above the platform. Plaintiff went onto the platform through a door in the elevator shaft. We think that the elevator as constructed and as used on the day of the accident was reasonably safe, and that there is no evidence from which the jury might properly find the defendant guilty of the negligence alleged in the second count.

The conclusion last stated disposes of the question whether from the evidence the jury might properly find that defendant's act of ordering the plaintiff to ride on the elevator constituted and was negligence. Plaintiff's duties required him to ride on the elevator in order to wheel his truck from the platform when he reached the proper floor, and there unload the product with which it was loaded. If the elevator was reasonably safe, the defendant was not guilty of negligence in ordering the plaintiff to ride on it.

There is in the record, in our opinion, no evidence from which the jury might properly find the defendant guilty, and if it be admitted that some of the instructions given for the defendant should not have been given, the plaintiff was not prejudiced thereby. W. C. St. Ry. Co. v. Maday, 188 Ill. 308; Crown C. & T. Co. v. Taylor, 184 *id.* 250.

The judgment of the Superior Court will be affirmed.

*Affirmed.*