Lucille Gauger, Administratrix of Estate of Walter J. Gauger, Deceased, Appellee, v. Vida J. Mills, Appellant.

Gen. No. 10,394.

Opinion filed February 24, 1950. Released for publication March 27, 1950.

HADLEY & LEREN, of Wheaton, for appellant; CHARLES W. HADLEY and PALMER LEREN, both of Wheaton, of counsel.

BURTON Y. WEITZENFELD, of Chicago, and GORDON MOFFETT, of Wheaton, for appellee; BURTON Y. WEITZENFELD and RICHARD C. BLELOCH, both of Chicago, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Lucille Gauger, as administratrix of the estate of Walter J. Gauger, deceased, brought a suit in the circuit court of DuPage county, Illinois, to recover damages alleged to have arisen because of the death of the plaintiff's intestate, Walter J. Gauger, as a result of a collision of a truck driven by the plaintiff's intestate with an automobile driven by the defendant, Vida J. Mills, at the intersection of Fair and Ridge avenues in the City of Elmhurst, DuPage county, Illinois, on the 30th day of April 1948.

The plaintiff filed her complaint and alleged that on the 30th day of April 1948, her intestate, Walter J. Gauger, was driving and propelling a certain motor truck in a northerly direction along Fair avenue in the City of Elmhurst, at and near its intersection with Ridge avenue, a certain other public street, which extended in an easterly and westerly direction; that the plaintiff's intestate and his heirs were in the exercise of ordinary care for his safety; that the defendant, Vida J. Mills, was driving an automobile in a westerly direction upon Ridge avenue at and near its intersection with Fair avenue, and that the defendant was guilty of one or more acts or omissions in the driving of her said automobile, to-wit: Did then and there operate said automobile at an excessive rate of speed; at a greater rate of speed than was reasonable and proper; without having good and sufficient brakes; without having the automobile equipped with adequate brakes; in failing to apply the brakes in the proper manner; without sounding any warning of the ap-

3

proach of her automobile; failed to yield the right of way; failed to keep a proper lookout; and failed to stop her automobile in time to avoid the collision with the truck driven by the plaintiff's intestate; and that as a direct and proximate result of the defendant's negligence, the automobile driven by the defendant struck the truck driven by the plaintiff's intestate, and the plaintiff's intestate was injured, from which he died on the 30th day of April 1948. Damages in the amount of $15,000 was claimed.

There was a second count which charged practically the same facts except that instead of negligence, it is charged that the defendant wilfully and wantonly committed the acts in question. At the conclusion of the plaintiff's case this count was dismissed, so we are not concerned with the second count in this appeal.

The defendant filed an answer admitting that she was driving and operating the automobile in a westerly direction, as charged in the complaint. She denied that the plaintiff's intestate was driving the motor truck in a careful manner, and alleged that it was being driven carelessly and negligently. She denied all acts of negligence on her part, or that the plaintiff was entitled to a judgment against her.

The case was submitted to a jury, and at the close of the plaintiff's evidence, the defendant entered a motion for a directed verdict. This motion was denied by the court. The defendant then introduced evidence, and the case was submitted to a jury. The jury found the issues in favor of the plaintiff and assessed her damages at $15,000. The court entered judgment upon the verdict, and the defendant filed a motion for judgment notwithstanding the verdict, or in the alternative a motion for a new trial. The court overruled and denied each of said motions. This appeal followed.

The evidence shows that Fair avenue runs in a general northerly and southerly direction, and intersects

4

Ridge avenue, which runs in an easterly and westerly direction. The streets intersect nearly at right angles. There are no stop signs on either of the streets. Both streets are paved with concrete to a width of about twenty-four feet with curbs and gutters on both sides of the streets.

The plaintiff's intestate was employed by Marshall Field and Company and was driving one of its trucks at the time of the collision. With Gauger was another employee of Marshall Field and Company by the name of Robert Johnson. Johnson was employed to help Gauger deliver merchandise from Marshall Field and Company to customers in Elmhurst. Gauger was driving the truck seated on the left-hand side and Johnson at the right side. The truck of the plaintiff and the automobile of the defendant collided, and the right rear of the truck was struck by the left front part of defendant's automobile. As a result of the collision, the Marshall Field truck overturned, and Gauger was killed. Neither Johnson nor Mrs. Vida J. Mills were injured.

██ ██ The appellant insists that under the statute she had the right of way, and that the plaintiff's intestate was guilty of negligence in not yielding the right of way to her. The appellee insists that her husband had the right of way, and the defendant was guilty of negligence in not yielding the right of way to him. This is the main controversy in this suit. The evidence is in conflict of just how far away the automobiles were from the intersection at the time the Marshall Field truck approached it. The testimony of Johnson, who was riding with Gauger at the time, is entirely different from that of Mrs. Vida J. Mills. Under the evidence in this case, it became a question of fact for the jury to decide which side's evidence was more worthy of belief. They have found the issues in favor of the plaintiff, and if the jury was properly instructed in regard to

this matter, the jury's verdict should stand, as there is sufficient evidence in the record to support the verdict.

At the request of the plaintiff, the court gave the following instruction relative to the right of way: "The right of way given to vehicles approaching an intersection is not an absolute right. The law that gives the right of way to a vehicle approaching an intersection from the right of another vehicle does not contemplate that this right of way may be invoked when the car from the right is so far from the intersection at the time the car from the left enters upon it, that, with both running within recognized limits of speed, the car to the left will reach the line of crossing before the car to the right will reach the intersection."

The statute provides: "Except as hereinafter provided, motor vehicles traveling upon public highways shall give the right of way to vehicles approaching along intersecting highways from the right and shall have the right of way over those approaching from the left."

█ Both our Supreme and Appellate Courts have repeatedly held that this statute does not give the car approaching an intersection from the right the absolute right of way, over the one approaching from the left, but there has been considerable confusion in deciding just when a car approaching the intersection from the left has the right of way over that from the right. Appellant relies on the case of *Greene v. Noonan*, 372 Ill. 286. There the court was considering an instruction relative to the statutory right of way, but the main criticism of the instruction was that it was not applicable to the facts, as disclosed by the record in that case. It does not aid us materially in deciding this case.

A similar instruction to the one we are now considering was given in the case of *Salmon v. Wilson*, 227 Ill. App. 286. That case has been cited and approved in the case of *Alexander v. Sullivan*, 334 Ill. App. 42;

6

*Edwards v. Hill-Thomas Lime & Cement Co.,* 309 Ill. App. 168; *Schoenbacher v. Kadetsky,* 290 Ill. App. 28; *Darling & Co. v. Yellow Cab Co.,* 238 Ill. App. 326; *Bentley v. Olson,* 324 Ill. App. 281 and *Krawitz v. Levinstein,* 320 Ill. App. 618.

■■ Appellant has called our attention to the case of *Riddle v. Mansager,* 254 Ill. App. 68, which was decided by this court. The instruction in that case is vastly different from the one we have been considering in this appeal. The instruction in the *Riddle* case is, "that if the jury believe from the evidence that Streede was operating his automobile with ordinary care and reached and entered the intersection in question before Mansager reached it, and Streede was driving his automobile with ordinary care as aforesaid, . . . it is your duty to consider (take) such facts, if you so find from the evidence, into consideration in determining the issues in such case." We there criticized this instruction as not being a correct statement of the law, but we did say: "The driver approaching from the right has the right of way over one approaching from the left, unless the car on the right is sufficiently far away, so that if being driven with due care, it will not reach the intersection until the car from the left can pass." Citing the case *Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co.,* 243 Ill. App. 89. In this case we there find this language: "It would seem to be clear that the statute does not mean that the driver of a vehicle approaching an intersection must yield the right of way to one approaching the same intersection on his right, without regard to the distance that vehicle may be from the intersection when he reaches it or to the rates of speed at which the two vehicles are traveling. When the driver of a vehicle approaches an intersection and he sees another vehicle approaching from the right, at a greater distance from the intersection and at a speed such that, in the exercise of due care, he

7

believes he will be across the intersection before the vehicle approaching from the right reaches it, then, in our opinion, the latter car is not one 'approaching from the right' within the meaning of the statute, and so as to require such driver to stop or yield the right of way.'' It is our conclusion that the court did not err in giving the instruction complained of.

■ It is also urged by the appellant that the court erred in giving plaintiff's instruction No. 8. This instruction informs the jury what the issues are, as charged in the complaint, and the defendant's answer, and which the jury is to consider in arriving at their verdict. Appellant in its printed brief acknowledged that it is the proper practice for the court to define the issues, but claims that this instruction overemphasized certain facts, as charged in the complaint. In the case of *Sollars v. Review Pub. Co.*, 264 Ill. App. 207, complaint was made there about the court giving four instructions relative to the charge in the plaintiff's complaint. The court there held that giving so many instructions in regard to this matter was not good practice, but stated that it had never been held to be reversible error.

In the case of *Liska v. Chicago Rys. Co.*, 318 Ill. 570, the same question was before our Supreme Court. We there find this language: ''The fourth instruction recited the allegations of the first count of the declaration, that the defendants by their motorman operated the street car; that the plaintiff's ward, a minor three years of age, was passing across the street; that as the street car approached the point where the plaintiff's ward was crossing the street, the motorman knew, or by the exercise of ordinary care could have known in time to avoid injury, that the plaintiff's ward was about to cross the track or was at or near the track in a position of danger; that it was the motorman's duty to exercise ordinary care to avoid injury; that he failed

8

to exercise such care; that such failure was negligence, and that as a proximate result of such negligence the street car ran into the plaintiff's ward and caused the injury. The instruction concluded with the statement that if the jury found from a preponderance of the evidence, under the instructions of the court, that the plaintiff had proved his case as alleged in the first count, then the jury should find the defendants guilty.''

It is also to be observed in this case that defendant's instruction No. 13 told the jury that the burden of proof is not upon the defendant, Vida J. Mills, to show that she was not guilty of the negligence charged in the first count of the complaint herein, but the burden is upon the plaintiff to prove that the defendant, Vida J. Mills, was guilty of such negligence, etc. Without an instruction from either the plaintiff or the defendant stating what the issues were, this instruction would have been improper. The court did not err in giving plaintiff's instruction No. 8.

Over the objection of the defendant, the court admitted in evidence plaintiff's exhibits 4 and 5, which show the time worked and the amount paid plaintiff's intestate by Marshall Field and Company during the last two years of his life. It is now insisted the court erred in admitting these exhibits in evidence; that there was not a proper foundation laid for their admission, and that it was not the best proof obtainable to show the account. Jean Beback, the supervisor of the payroll office of Marshall Field and Company, testified that the exhibits are the original cards and are kept in the ordinary course of business, and that they were in the same condition at the time they were introduced in evidence, as they were at the time the entries were made thereon, and that they had been in her office since the time they were made. We think that the exhibits were well enough identified as being correct and that the court did not err in admitting them in evidence.

9

Mrs. Gauger testified without objection that her husband was thirty-seven years of age and was steadily employed for the past twenty years, and at the time of his death he was working for Marshall Field and Company, and earning a take-home pay of an average of fifty-eight dollars per week; that he had been employed for two years by Marshall Field and Company prior to his death, and prior to that time his earnings averaged about fifty dollars per week; that he was a steady worker and seldom, if ever, absent from work. Mrs. Gauger was corroborated in part by Archie Smith, the manager of the delivery service of Marshall Field and Company. It is not argued by the appellant that the amount of the judgment is excessive, so if there is any error in the admission of the plaintiff's exhibits 4 and 5, it is harmless. Under such circumstances a court will not reverse a judgment. *West Chicago St. Ry. Co. v. Maday,* 188 Ill. 308; *Knight v. Seney,* 290 Ill. 11; *Mitchell v. Louisville & N. R. Co.,* 310 Ill. App. 563, and *People v. City of Olney,* 322 Ill. App. 43.

Considering the whole record in this case, we find no reversible error and therefore, the judgment of the trial court should be and is affirmed.

*Affirmed.*