Raymond Ladd, Executor of the Will of Oliver Ladd, Deceased, Plaintiff-Appellant, v. Harold J. Ruck and Mary E. Ruck, Defendants-Appellees.

Gen. No. 68–83.

Third District.

April 17, 1969.

Rehearing denied May 21, 1969.

Baymiller & Christison, of Peoria, for appellant.

Rubelle & Pratt, of Peoria, for appellees.

STOUDER, P. J.

Raymond Ladd, Executor of the estate of Oliver Ladd, brought this action in the Circuit Court of Peoria County against Harold Ruck and Mary Ruck seeking to recover $7,000 allegedly borrowed by the defendants or one of them from Oliver Ladd during his lifetime. The issue was submitted to a jury and resulted in a verdict in favor of the defendants upon which judgment was entered. Post-trial motions for judgment notwithstanding the verdict and for a new trial were denied and plaintiff has appealed.

The facts are undisputed. On September 27, 1957, Oliver Ladd, the father of Raymond Ladd, Ralph Ladd and Mary Ruck, withdrew $5,000 and $1,000 from savings accounts he had in two savings institutions in Chillicothe, Illinois. The checks representing such withdrawals, were endorsed by Oliver Ladd and paid by the banks upon which they were drawn. On the same day as the withdrawals the First National Bank of Chillicothe, Illinois, issued its cashier's check for $6,000 to Harold Ruck whose endorsement appears thereon and which check was thereafter paid. The register of drafts shows that the $6,000 cashier's check was issued to Harold Ruck and was sold to "Ladd, Ruck." The cashier, of the bank, notwithstanding objections by defendants, was permitted to testify concerning the foregoing records of the bank relating to the issuance of the cashier's check. He had no personal recollection of the transaction, had no reason or explana-

380

tion for the notation "Ladd, Ruck" which appeared on the register and presented no testimony concerning the source of the funds used to purchase such cashier's check.

Thereafter as admitted by their answer, defendants borrowed $1,000 from Oliver Ladd and gave him their note for $1,000 dated March 24, 1958, due two years after date with interest at six percent per annum. In the years 1961, 1963 and 1964, there were deposited to Oliver Ladd's checking account in the State Bank of Speer six checks each in the amount of $210, drawn on the account of Harold and Mary Ruck. The first two checks dated in 1961, were signed by Harold Ruck. The third and fourth checks dated 1963 and the fifth check dated 1964, were signed by Mary Ruck and bore the legend on the front of the check "interest on $7,000.00." The last check dated 1964, was signed by Harold Ruck and bore the legend "interest." On January 27, 1966, the attorney for plaintiff executor, wrote a letter to the three residuary beneficiaries, explaining among other things that the executor was about to make a partial distribution of $2,000 to each beneficiary. The letter further explained that as Mary and Harold Ruck were indebted to the estate for $7,000 plus $420 interest, Mary's distribution would be made by crediting the indebtedness with $420 for interest, $1,000 on principal leaving a balance of $6,000. A check in the amount of $580, payable to Mary Ruck, was enclosed with the letter which check was deposited to her account.

Mary Ruck was called as a witness in her own behalf. After testifying without objection that she did not owe the amount claimed, objection to her further testimony was sustained by the trial court on the ground that she was disqualified from testifying in her own behalf under the terms of the Dead Man's Statute.

Seeking to reverse the judgment of the trial court plaintiff contends that the evidence is insufficient to support the jury's verdict. The defendants argue that al-

though the facts are largely undisputed, the reasonable inferences to be drawn therefrom are disputed and therefore the issues were properly submitted to and resolved by the jury.

No claim is made that the court erred in any of its rulings on the admission or exclusion of evidence. The principal question is whether the evidence is sufficient to support the jury's verdict. The rule in Pedrick (Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504) requires that we consider all of the evidence in its aspect most favorable to defendants to determine whether such evidence is so overwhelmingly in favor of plaintiff that the verdict in favor of defendant should not be permitted to stand.

Plaintiff concedes that the evidence may be characterized as circumstantial, a conclusion with which we agree. Nevertheless plaintiff insists that only one conclusion is warranted from the evidence, namely that the defendants or one of them, borrowed the $6,000 claimed to be due. This assertion is based on plaintiff's view that because defendants offered no evidence as a defense to plaintiff's claim or in opposition to the evidence of plaintiff, no controverted issue existed or could exist. Plaintiff believes this position to be supported by Pedrick v. Peoria & Eastern R. Co., supra, a position with which we do not agree. Facts may be undisputed or a defendant may have failed to introduce evidence in his behalf but it does not follow that issues are therefore uncontroverted. Undisputed facts may give rise to different reasonable inferences to be drawn therefrom. Genck v. McGeath, 9 Ill App2d 145, 132 NE2d 437. The question also arises as to whether undisputed facts do or do not tend to prove or disprove the issues in controversy. The Pedrick rule does not require that verdicts be directed or motions notwithstanding verdicts be granted merely because a defendant has failed to introduce evidence in his

own behalf or has failed to dispute facts presented by the plaintiff.

■ There is no question but that circumstantial evidence is competent evidence. Such evidence even if standing alone, may be sufficient to prove or disprove a material fact or issue. Devine v. Delano, 272 Ill 166, 111 NE 742. Courts have recognized that in some cases such as the instant case, circumstantial evidence like that of any evidence depends on its tendency to prove an ultimate fact in issue.

■ Plaintiff argues that the four undisputed circumstances constitute a chain of interrelated events which warrant only a single conclusion. Such events may be summarized as one, the withdrawal of $6,000, two, purchase by Ruck of cashier's check on same date in same amount, three, checks in 1961, 1963 and 1964, and four, acceptance of partial distribution. Defendants insist that such circumstances are unrelated and coincidental and as a consequence thereof the jury could properly have decided that plaintiff had failed to prove the claim to be more probably true than untrue. Plaintiff, in his brief, expresses the doubt that any one of the events standing alone would have been sufficient to support his claim. We add to this the observation that since plaintiff relies on a chain of circumstances, the chain is no stronger than its weakest link or links. To the events which plaintiff characterizes as being conclusively favorable to its position should be added another undisputed fact namely that when defendants admittedly borrowed $1,000 in 1958 from Oliver Ladd they executed and delivered their promissory note therefore which note was in Oliver Ladd's possession at the date of his death. From such facts and from the absence of any other promissory note, the jury might well have inferred that defendants did not borrow any money in 1957 from Ladd. We believe disputed inferences could have been reasonably drawn from the evi-

383

dence, that the issues were properly submitted to the jury and its verdict is supported by the evidence.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.