MARGARET HALL, Admr., Plaintiff and Counterdefendant-Appellee, v. BARBARA J. KIRK, Admr., Defendant and Counterdefendant-Appellant —(M. K. STEGALL, Defendant)—(MILTON R. TIDWELL, Defendant and Counterplaintiff-Appellee.)

(No. 71-210;

Fifth District—August 7, 1973.

Robert S. Hill, of Benton, and Mitchell and Armstrong, of Marion, for appellant.

James B. Wham, of Wham & Wham, of Centralia, and Harris and Lambert, of Marion, for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Barbara J. Kirk (hereinafter referred to as defendant), administrator of the estate of Keith Kirk, appeals from a judgment of the Circuit Court of Franklin County denying her post-trial motion for judgment notwithstanding the verdict or alternatively for a new trial.

Keith Kirk and John Hall were occupants of a car which collided head-on with a tractor-trailer driven by Milton Tidwell and owned by M. K. Stegall. Kirk and Hall were killed in the accident. Kirk and Hall and their families resided in the Benton, Illinois area. The two men had obtained employment in Joliet, Illinois. On the date of the accident they were returning to their homes for the weekend in a car borrowed approximately ten days earlier by Keith Kirk from his brother, Kern Kirk. The accident occurred on Illinois Route 37, a two-lane highway. Doris Stewart testified that she and members of her family were driving south on Route 37 at a speed of 65 to 70 miles per hour and the car occupied by Kirk and Hall passed the Stewart car at a speed she estimated at 80 to 90 miles per hour. The passing occurred just before both cars entered a curve. Mrs. Stewart testified that she saw the lights of a northbound vehicle, which she later discovered to be the northbound truck driven by Tidwell, approaching through the curve just before the Kirk and Hall vehicle passed her vehicle, and that the collision occurred "about a second and a half or two seconds" and "not over three seconds" after the car passed them. The collision occurred in the northbound lane, and was followed by an explosion and fire. Neither the Stewarts nor Tidwell observed whether Kirk or Hall was driving the automobile at the time of the accident. The automobile was torn in half, and the bodies of Kirk and Hall were found outside the automobile under the overturned truck.

The plaintiff, administratrix of the estate of Hall, filed suit against the administrator of Kirk's estate and against Tidwell and Stegall. Tidwell counterclaimed against the estates of the two deceased. For simplicity's sake, the parties hereafter will be referred to as Kirk and Hall.

The trial court directed a verdict in favor of Tidwell and Stegall on Hall's complaint and there is no appeal from this verdict. The jury returned a verdict of $15,000 in favor of Hall and against Kirk and a verdict of $5,000 in favor of Tidwell against Kirk. The jury also found in response to a special interrogatory that Keith Kirk, as driver, operated the vehicle in a willful and wanton manner and that this willful and wanton misconduct proximately caused the death of the plaintiff.

■■ The defendant contends that there was no evidence to show that Kirk was the driver of the vehicle at the time of the accident. In *McElroy v. Force*, 38 Ill.2d 528, 232 N.E.2d 708, the issue to be resolved was

which occupant of the car was the driver at the time of the accident. The plaintiff was precluded from testifying by the provisions of the Evidence Act (Ill. Rev. Stat., ch. 51, par. 2) and there were no eyewitnesses. The Illinois Supreme Court held that when the owner of a vehicle is an occupant at the time of collision, it is prima facie evidence that the owner is the driver, and the burden of rebutting this presumption passes to the owner. In the absence of rebuttal evidence, the presumption will support a finding. (See also *Robinson v. Workman,* 9 Ill.2d 420, 137 N.E.2d 804.) We do not believe the fact that Kirk was the bailee rather than the owner of the vehicle destroys the presumption since the same reasons for which an owner is likely to be driving extend to the case of a bailee. In fact, human experience suggests that a bailee is less likely than an owner to surrender driving duties to his passenger. An owner feels that it is his car and he may entrust it to anyone whom he chooses, but a bailee is more likely to feel that the car was entrusted to him alone, and that he should not let anyone else drive it without the express permission of the owner.

■■ Although we have found no Illinois cases dealing with this issue, several cases from other jurisdictions have dealt with this question. In *Lukehart v. Gleason,* 207 F.2d 529 (8th Cir. 1953), the issue was who was driving the defendant's automobile. Plaintiff sought to hold the defendant owner liable under an Iowa statute providing that the owner of a car was liable for damages caused by negligence of a driver driving with the consent of the owner. The defendant's boyfriend Woodsmall had borrowed the car, and he and four friends were the only occupants at the time of the accident. All five were thrown from the car and instantly killed, so no one knew who was driving at the time of the accident. The defendant, on appeal, contended that the jury's conclusion that the bailee Woodsmall was driving was based on conjecture alone. The court disagreed, stating at 532:

> "But the only fact shown of any consequence indicating that Woodsmall was not driving is the statement of a witness that one of the men killed said before the trip that he was going to drive. Absent that statement, there is no evidence reasonably indicative of any theory other than that Woodsmall was driving. That statement was insufficient to destroy the value of the other facts and circumstances as a matter of law. It was not shown to have been made in Woodsmall's presence or with his knowledge and could not be said as a matter of law to have such probative force, against the established facts that Woodsmall had been given possession of the keys by defendant, was the last person identified as having driven the car, was not shown to have turned the keys

over to anyone else and was in the car at the time of the collision, as to make the situation one of naked legal conjecture as to who was driving the car. It would appear to be unreasonable to assume that Woodsmall was not driving the car."

In the case at bar, Keith Kirk had been given possession of the keys by the owner, was the last person identified as having driven the car, was not shown to have turned over the keys to the other occupant of the car, and was in the car at the time of the collision. We feel that the presumption of *McElroy v. Force* should be applicable to a situation involving a bailee as in *Lukehart v. Gleason,* and that the facts in this case call for the application of such presumption.

The defendant contends that even if a presumption existed, it was overcome by the testimony of an expert who testified that in his examination of the scene of the accident and pictures taken thereof, it was his opinion that Kirk was a passenger in the car, rather than the driver. This court stated in *McElroy v. Force* that the presumption of the owner driving can only be overcome by clear and convincing evidence to the contrary. The defendant's expert reached his conclusion primarily by an examination of the photographs admitted into evidence. On cross-examination he admitted that he did not know the weight of the tractor-trailer unit driven by Tidwell, but rather assumed its weight. Also, there was no evidence of the speed of that vehicle, but again he assumed a certain speed.

In 31 Am.Jur.2d, Expert and Opinion Evidence, par. 183, it is stated at 748-749:

"There is, generally speaking, no rule of law which requires controlling effect or influence to be given to, and the court and jury are not required to accept in the place of their own judgments, the opinion testimony of experts witnesses, merely because of the special knowledge of the witnesses concerning the matters upon which they give their testimony. Expert opinions are not ordinarily conclusive in the sense that they must be accepted as true on the subject of their testimony, but are generally regarded as purely advisory in character; the jury may place whatever weight they choose upon such testimony and may reject it, if they find that it is inconsistent with the facts in the case or otherwise unreasonable. The weight given to expert testimony is for the trier of the facts, who is not required to give it controlling influence."

See also Gard, Illinois Evidence Manual, Rule 239; and Callaghan's Illinois Evidence, par. 18.20.

■■ The defendant also contends that the trial court erred in allowing

testimony on the habits of the plaintiff since there was an eyewitness to the occurrence. The Illinois Supreme Court has held that the use of secondary evidence of careful habits is admissible only if direct evidence of the fact was shown to be unavailable. (*Plank v. Holman,* 46 Ill.2d 465, 264 N.E.2d 12.) The trial court allowed the testimony for the purpose of showing that the plaintiff was not the driver of the vehicle. We believe that this was correct since there was no direct evidence as to who was driving the vehicle. For the same reason the trial court properly allowed the defendant's expert to testify as to who, in his opinion, was driving. Had there been direct evidence of this, then neither the habit evidence nor the reconstruction testimony would have been admissible.

A judgment notwithstanding the verdict should not be entered unless all of the evidence when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever stand. (*Pedrick v. Peoria and Eastern R.R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504.) Accordingly, the trial court did not err in submitting the case to the jury.

The defendant also contends that the verdict was against the manifest weight of the evidence and that the argument of counsel was improper. In considering the issue of the insufficiency of evidence to sustain a verdict, an appellate court must consider all of the evidence in its aspects most favorable to the verdict winner and then must determine that the evidence is so overwhelmingly in favor of the moving party that the verdict should not be permitted to stand. (*Ladd v. Ruck,* 108 Ill.App.2d 379, 248 N.E.2d 147.) A review of the evidence indicates that it was sufficient to sustain the verdict. Also, we have reviewed counsel's argument and note that the court sustained the defendant's objections and in our opinion the jury was not mislead. Accordingly, the verdict of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and CREBS, JJ., concur.