148

CLARENCE NEUNER, Plaintiff-Appellee, *v.* SCHILLING PETROLEUM COMPANY, INC. *et al.,* Defendants.—(HIRTH PLUMBING AND HEATING COMPANY, Defendant—Third-Party Plaintiff—Appellant, *v.* GRINNELL COMPANY, INC. *et al.,* Third-Party Defendants—Appellees; BELLEVILLE SUPPLY COMPANY, Third-Party Defendant—Counterclaimant—Appellee, *v.* GRINNELL COMPANY, INC. *et al.,* Counterdefendants-Appellees.)

(No. 74-95; )

Fifth District—February 25, 1975.

John F. O'Connell, of O'Connell & Waller, of Belleville, for appellant Hirth Plumbing and Heating Co.

C. E. Heiligenstein, of Belleville, for appellee Clarence Neuner.

Pratt, Kardis & Strawn, Ltd., East Alton (Paul L. Pratt, of counsel), for appellee Stanley G. Flagg and Co.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Hirth Plumbing and Heating Company, hereinafter referred to as Hirth, appeals from a judgment of the Circuit Court of St. Clair County denying defendant's post-trial motion to vacate the judgment and for summary judgment in its favor or in the alternative for a new trial.

Clarence Neuner, owner of a sporting goods and bait business, filed a complaint against the Schilling Petroleum Company, hereinafter Schilling, and Hirth for damages done to his business when gasoline seeped into his basement and well. Hirth later filed an amended third-party complaint against the third-party defendants, Grinnell Company, Inc., Stanley G. Flagg and Company, Division of Eltra, and Belleville Supply Company. Jury demand was waived. The order of the trial court determined that defendant Hirth was liable to the plaintiff in the amount of $11,021.83 and found all other defendants without fault. This appeal resulted.

The trial court, acting as trier of fact, found that plaintiff's damages were the result of Hirth's improper installation of an underground gasoline pipe on the property of Schilling located across the street from plaintiff's business. Schilling's property was at the time under lease to a service station operator. The principal issue faced by the trial court was whether the damage-causing leak in a 1½″ elbow fitting was due to a manufacturing defect or rather from overtightening during installation. After hearing the evidence, the trial judge determined the leak to be the consequence of overtightening.

Hirth contends that the trial court's adjudging that the leak was due to an improper installation of the gasoline pipe was against the manifest weight of the evidence. We are asked to reverse the lower court or, in the alternative, to grant a new trial.

Hirth argues that plaintiff's expert witness, Mr. Deppe, based his opinion not on fact but upon surmise or conjecture. The background against which this contention arises discloses that plaintiff took the evidence deposition of Deppe who was given a set of hypothetical facts about the seepage of gasoline and the installation of a 1½″ elbow, and asked if he had an opinion, based upon a reasonable degree of engineering certainty, as to the cause of the gas leakage. After Deppe responded, counsel for

defendant objected that the question lacked sufficient ultimate facts, which he then supplied. Deppe indicated that the fitting in question was "apparently overtightened." A further objection was made that by using "apparently" Deppe was stating a conclusion not based on any facts. To this Deppe responded that "the stress failure is the result of an overload factor, and the overload factor appears to have been applied to the use of a pipe wrench on the fitting." No further objections were voiced. Nor did Hirth's counsel move that Deppe's testimony as to overtightening be stricken for lack of sufficient evidentiary support.

■■ In *Moore v. Jewel Tea Company*, 116 Ill.App.2d 109, 253 N.E.2d 636, *affirmed*, 46 Ill.2d 288, 263 N.E.2d 103, the deposition testimony of an expert was attacked for erroneously including two assumptions without evidentiary support. In that case the court applied the relevant provisions of Supreme Court Rule 211(c) (Ill. Rev. Stat. 1967, ch. 110A, par. 211(c)) and concluded that objections to the form of questions or admission of testimony are waived if not made at the time of the taking of a deposition. The court went on to say:

> "A party complaining of defects in a hypothetical question or answer must point them out in order to afford the interrogator an opportunity to remedy the defects, if any." (116 Ill.App.2d 109, 131.)

For the following reasons, we consider Hirth to be bound by this simple proposition. Although Hirth's counsel objected to the form of the hypothetical, he was allowed to alter it, and Deppe's response was the same to the hypothetical in its amended form. As to the objection concerning the evidentiary insufficiency for Deppe's opinion that the fitting was "apparently overtightened," this also was remedied by reaffirmance. Thus, defendant's counsel must be seen as acquiescing in the responses to the amended questions. Viewed as such, the objections were insufficient to remove Hirth from the effect of the above-stated rule. Accordingly, defendant Hirth's objections as to factual insufficiency of Deppe's conclusions were waived.

■■ The next point we consider is whether the evidence was sufficient to sustain the verdict. In approaching the question of sufficiency of evidence, it serves us well to be guided by the following statement:

> "Although a trial court's holding is always subject to review, this court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. (Cases cited.) Underlying this rule is the recognition that, especially where the testimony is contradictory, the trial judge as the trier of fact is in a position superior to a court of review to observe the conduct of the wit-

nesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn a judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion." (*Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, 356, 226 N.E.2d 624.)

Hirth argues that the above proposition is not binding on us, since the trial court must have relied solely on the deposition of Deppe in making its determination and we are thus in as good a position for review. This theory presupposes that Deppe's deposition was the ultimate reason for the decision and seems to ignore that many other witnesses testified during the trial. As to these witnesses, the trial court was clearly in a superior position to observe their demeanor and credibility. This same problem was faced in *Karris v. Woodstock, Inc.*, 19 Ill.App.3d 1, 313 N.E.2d 426, where the court concluded, as we do here, that review of a single deposition provides an insufficient basis on which to substitute judgment where live testimony was also given. A trial court's ruling will only be disturbed when it is against the manifest weight of the evidence, *i.e.*, where an opposite conclusion is clearly evident. *Comm v. Goodman*, 6 Ill.App.3d 847, 286 N.E.2d 758; *Hulke v. International Manufacturing Co.*, 14 Ill. App.2d 5, 142 N.E.2d 717.

■■ In *Hall v. Kirk*, 13 Ill.App.3d 656, 300 N.E.2d 600, this court wrote that

"In considering the issue of the insufficiency of evidence to sustain a verdict, an appellate court must consider all the evidence in its aspects most favorable to the verdict winner and then must determine that the evidence is so overwhelmingly in favor of the moving party that the verdict should not be permitted to stand." (13 Ill.App.3d 656, 660.)

In light of the contradictory nature of the testimony of the experts relating to complex factual question, and in consideration of various other testimony, we cannot say the trial court's decision was erroneous by this standard. We believe the judgment of the trial court is supported by substantial evidence and is not against the manifest weight of the evidence. The judgment of the trial court is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.