AMERICAN NATIONAL BANK AND TRUST COMPANY OF ROCKFORD, Adm'r of the Estate of Carolyn McClellan, Deceased, Plaintiff-Appellee, *v.* ROBERT C. BOURLAND, Adm'r of the Estate of Richard Boigenzahn, Deceased, Defendant-Appellant.

Second District   No. 77-574

Opinion filed November 22, 1978.

APPEAL from the Circuit Court of Winnebago County; the Hon. PHILIP G. REINHARD, Judge, presiding.

Thomas A. Keegan, of Keegan & Gosdick, of Rockford, for appellant.

John M. Boreen, of Lawrence J. Ferolie & Assoc., of Rockford, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an action for wrongful death. In 1977 a jury returned a $15,000 verdict for plaintiff, Estate of McClellan, and defendant, Estate of Boigenzahn, appeals from the judgment entered on the verdict and from a denial of its motion for judgment *n.o.v.* and for a new trial. Defendant contends that there was no evidence showing that defendant's decedent,

Richard Boigenzahn, was guilty of willful and wanton conduct or that plaintiff's decedent, Carolyn McClellan, was free from contributory willful and wanton conduct; defendant also contends that certain testimony was irrelevant.

Carolyn McClellan, a 25-year-old mother of two, was killed in a car crash on June 14, 1965. The driver, Boigenzahn, was also killed. At one o'clock on the morning of the accident, Boigenzahn and McClellan left a tavern together with the former driving. A mutual friend, Frank Amato, spoke with Boigenzahn just prior to departure from the tavern parking lot. Although Amato testified that he noticed nothing wrong with Boigenzahn, he also testified that he asked Boigenzahn, "Why don't you let Carolyn drive?" Both the Amato vehicle and the Boigenzahn vehicle then left the parking lot, with Boigenzahn following Amato right on Amato's bumper for roughly 300 or 400 yards. At a nearby intersection, Amato pulled into a special right-hand-turn lane and stopped; he observed the Boigenzahn vehicle drive through the intersection with its tires squealing, although traffic approaching the intersection was facing flashing red lights. The Boigenzahn car was found less than a half hour later and about a mile from the intersection. In the area of the accident the road had two lanes in each direction with a grassy ravine serving as a median strip; on the night of the accident the weather was clear, the road was dry and traffic was light; the speed limit was 35 m.p.h. Tire marks showed that the Boigenzahn car left the road near a curve and traveled on the grassy median strip for 212 ft. 10 in. before striking a concrete culvert. The car was located 16½ ft. from the culvert, facing the opposite direction it had been traveling; it was demolished and on fire. There were no known eyewitnesses to the accident.

Testimony at trial showed that McClellan was a person of careful habits; that at the time of her death she earned $1.52 per hour and that the present pay for the job she held is $2.90 per hour; that at the time of death she would have had company paid hospitalization, life, accident, death and disability insurance and a pension, and that presently the value of these fringe benefits is nearly $1200 annually; testimony was also given regarding the value of a female live-in helper in 1965 and in 1977. Defendant called no witnesses.

Plaintiff contends that the facts as indicated were sufficient to allow the jury to conclude that there was willful and wanton conduct on the part of Boigenzahn. Defendant urges that a variety of circumstances, other than the willful and wanton conduct of Boigenzahn, could have caused the accident, and that plaintiff did not sustain its burden of proof. A judgment *n.o.v.* should not be entered unless all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on the evidence could ever stand. (*Pedrick*

*v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504. See also *Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 382 N.E.2d 232.) Also, in considering whether there is insufficient evidence to sustain a verdict, an appellate court must consider all of the evidence in its aspects most favorable to the verdict winner and then must determine that the evidence is so overwhelmingly in favor of the moving party that the verdict should not be permitted to stand. *Hall v. Kirk* (1973), 13 Ill. App. 3d 656, 300 N.E.2d 600.

■■ Considering the evidence as a whole, in the light most favorable to plaintiff, and with all reasonable inferences which may be drawn therefrom, it is our view that defendant's motion for judgment *n.o.v.* was properly denied. Further, we think that there was sufficient evidence from which the jury could find that defendant's behavior constituted willful and wanton conduct and we hold that the verdict was not against the manifest weight of the evidence; defendant's motion for a new trial was therefore properly denied. The fact that contrary inferences would also be supported by the evidence is not sufficient to show unreasonableness of the verdict. It is the jury's function to weigh contradictory evidence, to draw reasonable inferences therefrom, to judge the credibility of the witnesses and to find the ultimate conclusion as to the facts. Its conclusion, whether relating to negligence, causation, or any other factual matter should not be set aside merely because different conclusions could be drawn or because judges feel that other results are more reasonable. *Finley v. New York Central R.R. Co.* (1960), 19 Ill. 2d 428, 167 N.E.2d 212.

■■ A similar situation exists regarding a showing of McClellan's freedom from contributory willful and wanton conduct. There being no eyewitnesses, the court allowed testimony of McClellan's careful habits, not just reputation of careful habits. In a wrongful death action without eyewitnesses, decedent's habits of due care are admissible. (*Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 302 N.E.2d 257.) This testimony being before the jury, there was a basis for the jury to conclude that McClellan was free from contributory willful and wanton conduct.

■■ ■ Defendant finally urges that testimony of present wages and benefits, the cost of a live-in housekeeper and admission of a mortality table was irrelevant. In determining damages in wrongful death, a jury may consider what decedent earned or might reasonably be expected to earn in the future. (*Gauger v. Mills* (1950), 340 Ill. App. 1, 90 N.E.2d 790.) A mortality table is admissible in wrongful death actions (*Allendorf v. Elgin, Joliet & Eastern Ry. Co.* (1956), 8 Ill. 2d 164, 133 N.E.2d 288) and it was admitted without objection. The value of a live-in housekeeper at the time of trial speaks to the expense to replace those services which

otherwise would have been performed by decedent. We therefore conclude that there was relevance to all of the above evidence.

The decision of the trial court is accordingly affirmed.

Affirmed.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.